LOUISE M. BURNS, Respondent, *v.* EDGAR W. BURNS et al., Appellants.

INSURANCE, LIFE — STIPULATION THAT POLICY MUST BE CONSTRUED ACCORDING TO LAW OF STATE WHERE ISSUED — WHEN TERM "HEIRS" INCLUDES WIDOW OF ASSURED.     Where a policy of life insurance issued by an Ohio insurance company was made payable to the "heirs" of the insured and contained a stipulation that it should be construed by the laws of that state only, the rights of the beneficiaries thereunder must be determined by the laws of Ohio; and where such laws provide that a widow is entitled to the personal property of an in estate, as next of kin, the widow of the assured is included in the term "heirs" as used in the policy; and the fact that the assured and all the beneficiaries were and are residents of this state and an action is brought here to determine whether the widow can share in the proceeds of the policy is immaterial, since the assured had the right to make such a contract, and the courts of this state are bound to construe it accordingly.

*Burns* v. *Burns*, 109 App. Div. 98, affirmed.

(Argued November 26, 1907; decided December 10, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 15, 1905, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Tabor* and *Thomas E. Boyd* for appellants. The succession of personal property is governed exclusively by the law of the place where the testator was domiciled at the time of his death. (Code Civ. Pro. § 2,694; *Depuy* v. *Wurtz*, 53 N. Y. 566; *Taylor* v. *Syme*, 162 N. Y. 518; *N. Y. L. Ins. & T. Co.* v. *Viele*, 161 N. Y. 19; *Maas* v. *G. S. Bank*, 176 N. Y. 380.) There is no ambiguity or uncertainty as to the meaning of the word "heirs" in this state, nor is there a scintilla of evidence that the testator had any other intention than to leave this fund to his "heirs." (*Pond* v. *Bergh*, 10 Paige, 140; *Roe* v. *Vingut*, 117 N. Y. 212; *Phillips* v. *Davis*, 92 N. Y. 199.)

*Adolph Rebadow* for respondent. Inasmuch as it was expressly agreed that the policy should be governed and construed only according to the laws of the state of Ohio, it follows that the same must be so construed. (*M. L. Ins. Co.* v. *Dingley*, 100 Fed. Rep. 408; *Greving* v. *W. L. Ins. Co.*, 112 La. 879; *Y. M. M. L. Assn.* v. *Pollard*, 3 Ohio C. C. 577; *Ferguson* v. *Stuart*, 14 Ohio, 140; *Collier* v. *Collier*, 3 Ohio St. 369; *Conger* v. *Conger*, 11 Ohio St. 1; *Townsend* v. *Townsend*, 25 Ohio St. 488; *Richardson* v. *Michener*, 30 W. Law Bull. 120; *Jamieson* v. *K. T. Assn.*, 12 W. Law Bull. 272; *Hanson* v. *M. S. R. Assn.*, 59 Minn. 123.) The common-law and statutory rule, that the succession of personal property is governed by the law of the place where the testator was domiciled at the time of his death has no application here. (*Hellenberg* v. *Dist. No. 1*, 94 N. Y. 580; *Bishop* v. *Grand Lodge*, 112 N. Y. 627.)

Gray, J. The plaintiff is the widow and the defendants are the children of John C. Burns and their dispute is over the distribution, which should be made of certain life insurance moneys that became payable upon Burns' death. The Knights Templars and Masonic Mutual Aid Association of Cincinnati, an Ohio corporation, upon Burns' application, issued to him its certificate, whereby it "agreed with him

to well and truly pay to the heirs of the said John C. Burns the sum of $3,000 * * * at the office of the Association, in the City of Cincinnati, O.," upon the proof required as to his death. The certificate stated that it was "issued and the contract made upon" certain "express conditions and agree· ments"; among which was one that "this contract shall be governed by and construed only according to the laws of the State of Ohio, the place of this contract being agreed to be the Home office of the Association in the City of Cincinnati, Ohio." By one of the by-laws, which were made part of the contract, it was stated that "the object of the Association was to furnish mutual protection and relief to its members and for the payment of stipulated sums of money to the families, heirs, executors and administrators, or assigns, of the deceased members." At the time the certificate issued, the assured and his family, composed of the plaintiff and the defendants, were, and they continued, up to his death, to be, residents of this state. The association does not dispute its liability and, under an amicable stipulation, the insurance moneys were deposited by it in a bank in this state, to the credit of "the heirs of John C. Burns," to be held until the final determination of this action. Thereupon, the action was commenced by the widow and the sole question, which the parties seek to have determined, is whether, the policy having been made payable "to the heirs" of Burns, his widow can share in the payment. She proved upon the trial a statute of the state of Ohio, contained in section 4176 of the Revised Statutes, which provided, as follows: "when a person dies intestate and leaves no children, or their legal representatives, the widow, or widower, shall be entitled, *as next of kin,* to all the personal property, which is subject to distribution upon settlement of the estate; but if the intestate leaves any children * * * the widow, or widower, shall be entitled to one half of the first $400, and to one third of the remainder of the personal property subject to distribution." The plaintiff succeeded in recovering a judgment for one third of the insurance moneys; which has been affirmed at the Appellate Division.

The relation between Burns and the association was one of contract merely. The so-called certificate expressed it and embodied the respective rights and obligations of the parties and of the payees, or beneficiaries. (*Uhlman* v. *N. Y. Life Ins. Co.*, 109 N. Y. 421, 429.) The by-laws conferred upon Burns the right to insure his life for the benefit of his family, his heirs, his personal representatives, or his assigns, and, in doing so, he had the right, notwithstanding his being a non-resident of Ohio, to agree that the contract of insurance should be governed and construed by, and according to, the laws of that state, only. A person insuring his life, ordinarily, has the right to enter into any contract with respect to the risk that he pleases, if the law permits, and Burns had the same right; subject, only, to the by-laws of his association. In directing that payment should be made to his "heirs," those persons would be determined by the statutes of the state of Ohio and the moneys would be payable to them, only, under the contract. The fact that the moneys were brought into this state, in nowise, affected the legal rights of those persons; for that was a disposition of them, which, only, affected the *forum*, or place where the remedy was to be sought. Payment anywhere could only be made as the contract had stipulated. It is true that the word "heirs" is used in the certificate, as in the by-law; but it is obvious that the use of the term was inappropriate in connection with the succession to personal property. It must be regarded as not having been used in its strict legal sense, but as intending to describe those persons who would take in case of intestacy. (*Walsh* v. *Walsh*, 66 Hun, 207; affd. on opinion below, 143 N. Y. 662; *Bishop* v. *Grand Lodge E. O. of M. A.*, 112 ib. 627, 634.) The general rule is, as the appellant claims, that the succession to personal property is governed by the law of the decedent's domicile; but that rule has no application to a case where, as here, the insurance moneys are distributed, solely, under a contract of the decedent and independently of any other consideration, except as to any appropriate provision of the laws of Ohio. Reading the

statute of Ohio, we find that a widow is entitled as *next of kin* to take personal property of a decedent. In this state it has been decided that the word " heirs," when applied to the succession to personal estate, means next of kin and that " next of kin " does not include a widow. (*Tillman* v. *Davis*, 95 N. Y. 17.) Where, however, we find that the law of the state, where the contract was made and which the parties to it stipulated should, alone, govern in its construction, provides that a widow is entitled to the personal property of an intestate, as next of kin, the court was bound to so adjudge the payment of the moneys as that she should share with the children. According to the statute she was entitled to more than exactly the one-third, but, as she has not appealed, that question is not here.

For these reasons, I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., O'BRIEN, VANN, WERNER, WILLARI BARTLETT and CHASE, JJ., concur.

Judgment affirmed.