ROSS v. JOLINE et al.

(Supreme Court, Appellate Term. March 5, 1909.)

Street Railroads (§ 117*)—Collision with Workman—Contributory Negligence.

    The question of contributory negligence of one employed by a contracting company to stand between the tracks of a street railroad and warn, with a flag, people against approaching an excavation, who, while waving a flag at a team, got too near one of the tracks and was struck by a car

———————————

coming, without warning, from the rear, in which direction, having a view for three blocks, he had looked just before commencing to signal the team, is one of fact.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 255–257; Dec. Dig. § 117.*]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William Ross against Adrian H. Joline and another, receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Anthony J. Ernest, for appellants.

Jacob Friedman, for respondent.

GILDERSLEEVE, P. J. The evidence of plaintiff, supported by a disinterested witness, is that plaintiff was performing his duty as a flagman, when defendants' car came along and struck him, and that no bell was rung, or any warning given, although the motorman saw plaintiff standing between the tracks and waving his flag, as it was his duty to do. The plaintiff had his back turned to the car. The motorman says: "I rang my bell, and went right ahead." His evidence as to the ringing of the bell is flatly and positively contradicted by a disinterested witness, as above stated, who was standing close by the place of the accident, as well as by plaintiff.

The justice gave judgment for the plaintiff for $500 and costs. This amount is not excessive, in view of the uncontradicted evidence as to the injuries. There is abundant evidence of the negligence of the defendant. As to contributory negligence, the rule in a case such as this is that if plaintiff uses some care the question is for the jury, but if he uses no care it is for the court, except under special circumstances. Burns v. Burns, 190 N. Y. 211, 82 N. E. 1107. Before turning his back to the direction from which the car came, plaintiff had looked in that direction and had seen no car, although he could see along the track for about three blocks in that direction. He then turned in the other direction and waved his flag to keep a wagon from going into the excavation that he was guarding. It seems to me that under the evidence presented the question of contributory negligence was one of fact for the justice sitting as a jury, and that his conclusion should not be disturbed.

The judgment should be affirmed, with costs.

DAYTON, J., concurs.

MacLEAN, J. (dissenting). As he testified, the plaintiff hired himself to a contracting company to warn persons, by waving a red flag, from driving or coming upon or between the tracks of the defendants' railway on Sixth avenue between Twenty-Fourth and Twenty-Fifth streets, because of an excavation. When he had been at this

business about a week, early in the afternoon of September 3, 1905, he was struck and bruised in his arm and shoulder by the defendants' car coming rapidly southward. Just prior to this—that is, the time it took for horses drawing a truck to walk about 30 feet—he had looked north and seen no car approaching. His station was at Twenty-Fourth street, between the tracks. The distance between the tracks, a witness of the defendants testified, was 4 or 5 feet. For his injuries, as occurring from the negligence of the defendants' servants and without any fault of his own, the plaintiff has recovered judgment.

Upon his own showing, the plaintiff cannot keep his judgment. Assuming an employment requiring him to be in the fareway, a venturesome position always, the plaintiff had between the tracks standing room of 4 or 5 feet—narrow indeed, but safe enough from injury by the defendants' servants so long as he remained midway the tracks; a station obviously perilous, however, if, forgetting the peril, he moved heedlessly toward the side of an approaching car. Of course, any constrained position becomes irksome until it becomes habitual—usually by the dear schooling of experience. That he cannot recover damages upon the mere proof of the happening of the casualty is trite; but proving his situation, his seeing nothing on looking northward a little before, and the happening of the accident merely, he proved, if anything, that he made the accident possible by his failure to exercise the reasonable care of a person of ordinary prudence under the circumstances, and contributed to the accident by moving from his place of safety to the jeopardy of nearness to a moving car.

The judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.