■ In the Matter of the Arbitration between ARTHUR GILES et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Order unanimously reversed and motion granted, without costs. Memorandum: MVAIC appeals from a denial of its motion to stay arbitration. Although the notice of claim was not filed until two years after the date of the accident, Special Term held that the filing was "as soon as

practicable" and therefore timely. The only opposition to the application to stay arbitration is the affidavit of the petitioners-respondents' substituted attorney which states that the first effort to ascertain whether there was insurance was made 20 months after the happening of the accident. No affidavit by the petitioners-respondents or their former attorneys was submitted and their present attorney frankly states "As to what, if any, efforts has been exerted by the office of Gross & Shuman prior to January, 1965, this information is not known to deponent at this time". Petitioners-respondents failed completely to offer any proof of compliance with condition (3) of the MVAIC endorsement which requires the filing " within 90 days, or as soon as practicable ". A claimant "who has not filed notice within the 90-day period must show he has diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice" (*Matter of Kauffman* [*MVAIC*], 25 A D 2d 419; also, see, *Matter of Jones* v. *MVAIC*, 19 N Y 2d 132; *Matter of Pagan* [*MVAIC*], 28 A D 2d 1119; *Matter of Lloyd* [*MVAIC*], 27 A D 2d 396; *Matter of MVAIC* [*Cosulich*], 23 A D 2d 546.) The unexplained delay of two years constitutes untimely notice and the stay of arbirtration should be granted. (Appeal from order of Erie Special Term denying motion for a stay of arbitration.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.