In the Matter of CAROL A. MERCER, on Behalf of Herself and ADESINA MERCER, an Infant, et al., Respondents, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. (Action No. 1.)

CAROL A. MERCER et al., Plaintiffs, v PLEXO CAB CORP. et al., Defendants. (Action No. 2.)

First Department, February 15, 1979

APPEARANCES OF COUNSEL

*James F. Carroll* of counsel *(Carroll & Spencer,* attorneys), for appellant.

*Gottlieb & Feldman,* attorneys *(Otto Gottlieb* of counsel), for respondents.

## OPINION OF THE COURT

FEIN, J.

Respondent Motor Vehicle Accident Indemnification Corporation (MVAIC) appeals from an order (1) granting leave to bring an action against MVAIC; (2) amending the caption and directing service of an amended complaint; and (3) remanding the case to the Civil Court for further proceedings, since the action is within the jurisdiction of that court. The order appealed from should be modified to grant both petitioners leave to file an affidavit and late notice of claim with MVAIC pursuant to section 608 of the Insurance Law, and to direct that MVAIC enter an appearance in and assume the defense on behalf of Plexo Cab Corporation and Martin Blakely in the underlying action pending in the Civil Court. As appropriately observed by the dissent, in other than hit-and-run cases, the suit is not prosecuted directly against MVAIC, but rather is brought against the alleged tort-feasor, with MVAIC obligated to defend as any other liability insurer (Insurance Law, §§ 609, 610).

On September 21, 1976, petitioners, passengers in a taxi owned by Plexo Cab Corporation and operated by Martin Blakely, were allegedly injured in an accident involving the taxi and a vehicle owned and operated by one Oliver Glover. On December 1, 1976, 41 days after the accident, petitioners wrote to the Department of Motor Vehicles (Department) to ascertain the insurance status of the Plexo vehicle. The Department, on January 25, 1977, forwarded a report to petitioners' attorneys indicating that the Plexo vehicle had been insured by Nassau Insurance Company as of the last registration of the vehicle on February 18, 1976. An action was commenced in Civil Court against Plexo, its operator Blakely and Glover in January, 1977. When no appearance was entered on behalf of Plexo and Blakely, petitioners again wrote to the Department in March, 1977. In response to that request they were advised on June 29, 1977 that the vehicle was uninsured. Within 31 days thereafter, on July 25, 1977, pe-

titioners made application for coverage with MVAIC and a motion for leave to file a late notice of claim was made on July 28, 1977. The motion for leave was predicated upon subdivision (c) of section 608 of the Insurance Law which provides that where an injured claimant fails to file a notice of claim due to receipt of erroneous information from the Department of Motor Vehicles, a claim may thereafter be filed within 31 days after receipt of written notice from the Department correcting the error.

The dissent in interpreting the statute would deny benefits to those whom the Legislature clearly intended to protect. There is no reason to read into the statute a proviso prohibiting accident victims from pursuing a remedy against MVAIC where such victims rely upon inaccurate or erroneous information received from the Department by requiring that such accident victims receive the erroneous information within 90 days after the accident or be forever barred from any remedy against MVAIC. Such a construction of the statute ignores reality and defeats the clear legislative purpose to protect a definite class of persons.

It is undisputed that petitioners sought to file notice of claim within 31 days after the Department had corrected the erroneous information which had been previously furnished. Whether the original information furnished by the Department as to the insurance status of the Plexo vehicle be classified as "erroneous" or "merely incomplete," as the dissent implies, is not dispositive. The fact remains that petitioners relied upon such information in proceeding with their civil action brought against Plexo and its operator and failed to pursue other available remedies. Within 90 days of the accident, petitioners sought information from the Department as to the existence of insurance on the Plexo vehicle on the date of the accident, not as of the date of its last registration. The information furnished by the Department that the vehicle had been insured by Nassau Insurance Company as of the last registration of the vehicle implied that such insurance persisted up to the time of the accident. If the Department had any information to the contrary, it should have been furnished to petitioners. Under the circumstances, petitioners were entirely justified in relying on the information which they received.

As part of its duties, the Department of Motor Vehicles is responsible for maintaining information as to the existence of

insurance on vehicles operated in this State. Nassau Insurance, upon cancellation of coverage, was required to notify the Department that such insurance coverage had been terminated. Here, either the Department had more accurate, up-to-date information which it failed to furnish to petitioners, or Nassau Insurance neglected its obligation to notify the Department that insurance on the Plexo vehicle had been canceled. In either case, petitioners were not at fault and acted in reliance upon the insurance information which had been furnished them by the Motor Vehicle Department.

Subdivision (c) of section 608 of the Insurance Law was adopted in response to *Matter of Jones v MVAIC* (19 NY2d 132) wherein the court expressed its concern as to the inability of a claimant to assert a claim against MVAIC when he had been misinformed by the Department of Motor Vehicles that insurance coverage existed and thereafter learned, more than 90 days after the accident, that coverage did not in fact exist. The court suggested the need for the enactment of remedial legislation. The Legislature amended section 608 of the Insurance Law to permit an injured claimant to file late notice of claim within 31 days after receipt of notification from the Department of Motor Vehicles correcting previous erroneous information which had been furnished.

In *Matter of Jones v MVAIC (supra)* petitioner had sought information as to the existence of insurance coverage on the offending vehicle about 150 days after the accident. The Department notified petitioner that the vehicle was insured. It was not until almost one year later that petitioner learned that the insurance on the alleged offending vehicle had been canceled prior to the accident. Within four days after receipt of the correct information, petitioner filed a notice of claim with the MVAIC, which claim was rejected as untimely. The court's observation of petitioner's argument on the appeal is instructive *(supra,* pp 135-136): "On the oral argument of this appeal petitioner's counsel conceded that the above-quoted subdivision [subdivision (a) of section 608] is applicable * * * It is his contention that it was impossible for his client to have complied with the provisions of subdivision (a) of section 608 since he did not learn nor could he have learned that Weathesgy was insured until long after the 90-day period."

The court, although rejecting petitioner's claim further observed *(supra,* p 136): "In view of the number of cases which appear to have involved problems similar to that in the case

at bar, the Legislature may very well consider an amendment to the statute which would permit a claim to be filed in a case of this kind. Until that is done, courts must apply the statute as it is written."

Of significance is the observation by the Court of Appeals in a footnote (supra, p 136, n 1): "Though inquiry was made to the Department of Motor Vehicles as well as to the insurer after 90 days had elapsed, there is no reason to believe that, had the inquiries been made earlier, the answer would have been any different."

The legislative response to the problem which confronted the Court of Appeals in Jones is all but ignored by the dissent. An injured claimant has no control of the process within the Department of Motor Vehicles by which requests for insurance information are handled. Nor does an injured claimant have any control over private insurance carriers who fail to perform their duty in neglecting to advise the Department that insurance coverage had been canceled or terminated. The narrow interpretation of the statute in the dissent would unnecessarily prejudice injured claimants by denying them the protection intended by the statute when they act in reliance upon erroneous, misleading or incomplete information furnished by the Department of Motor Vehicles.

The present record sufficiently establishes that petitioners acted with due diligence in attempting to ascertain whether insurance coverage existed, by appropriate inquiry well within the 90-day period during which a claim against MVAIC could have been submitted (see Matter of Giles [MVAIC], 30 AD2d 637; Matter of Kauffman [MVAIC], 25 AD2d 419; Matter of MVAIC [Cosulich], 23 AD2d 546). This court observed in this connection in Matter of Kauffman (MVAIC) (supra), "A claimant therefore, who has not filed notice within the 90-day period must show he has diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice." Therefore, even prior to the legislative response to Matter of Jones v MVAIC (19 NY2d 132, supra) an accident victim was not without remedy. A claim could be filed beyond the 90-day period upon requisite proof that the claimant had acted with diligence in attempting to determine whether insurance coverage existed. The dissent, however, has overlooked the pre-existing law in relegating petitioners to a position even worse than that which they would have occupied had the amendment never been passed.

Petitioners should not be deprived of a remedy because of the almost two months' delay by the Department in responding to their request for insurance information submitted within 90 days after the accident. The information eventually furnished was admittedly incorrect. Although the dissent refers to such information as "merely incomplete", it was erroneous nonetheless.

Accordingly, the order, Supreme Court, New York County (HUGHES, J.), entered October 6, 1977, should be modified, on the law, to delete from the order so much thereof as (1) grants leave to petitioners to bring an action against MVAIC; (2) amends the caption to add MVAIC as a party defendant and directs service of an amended complaint; and (3) remands the case to the Civil Court, and in place thereof, grant both petitioners leave to file an affidavit and late notice of claim with MVAIC pursuant to section 608 of the Insurance Law and direct that MVAIC enter an appearance in and assume the defense on behalf of Plexo Cab Corporation and Martin Blakely in the underlying action pending in the Civil Court as required by sections 609 and 610 of the Insurance Law and otherwise affirmed, without costs or disbursements.

SILVERMAN, J. (dissenting in part). I would reverse the order appealed from except as to petitioner Adesina Mercer and deny the remaining petitioners' motion to file late notice of intention to make claim against MVAIC.

Petitioners claim to have been injured in an accident involving an uninsured motorist on September 21, 1976. It is alleged that on December 1, 1976 petitioners' attorney made a request as to insurance status to the State Motor Vehicles Department. Late in January, 1977—apparently after January 25, 1977—petitioners' attorney received a notification that on the date of the last registration, i.e., February 18, 1976, the vehicle involved was insured by Nassau Insurance Co. Nothing was said about whether the vehicle was insured on the date of the accident. Inquiry of Nassau Insurance Co. brought the response that Nassau Insurance Co.'s policy did not cover the vehicle on the date of the accident. Petitioners' attorney again communicated with the State Motor Vehicles Department and in June, 1977 received a report that the vehicle was not insured on the date of the accident.

Thereupon, in July, 1977 petitioners served on MVAIC a notice of intention to make claim. Subdivision (a) of section 608 of the Insurance Law requires as a condition precedent to

the right to apply for payment from MVAIC that the claimant file with MVAIC an affidavit stating that he has a cause of action against the owner of an uninsured motor vehicle and that he intends to make a claim thereon; such affidavit must be filed within 90 days of the accrual of the cause of action. Subdivision (c) of section 608 of the Insurance Law permits extension of this period "where the qualified person is an infant * * * or in the event that the injured person fails to file within ninety days, due to receipt of erroneous information from the department of motor vehicles".

As the majority points out, this statute is an attempt to alleviate the problem caused by receipt of inaccurate information as to insurance from the Department of Motor Vehicles. But all legislation is a choice among various possible positions and remedies. The Legislature could have chosen to permit the filing of a notice of intention to sue within a specified period after receipt of accurate information as to insurance from the Department, even though such information is received more than 90 days after the accident, provided the request for the information is made either within 90 days of the accident or reasonably expeditiously; and that is substantially the effect of the majority's holding. But the Legislature did not make that choice. Instead it only granted relief where the failure to file within 90 days is "due to receipt of erroneous information from the department of motor vehicles."

Even assuming, in the present case, that the January, 1977 communication from the Department of Motor Vehicles was erroneous rather than merely incomplete, that information was not received until late in January, 1977, more than 90 days after the accident. Thus, it cannot be said that the failure to file within 90 days was due to the receipt of erroneous information from the Department of Motor Vehicles, and accordingly the application should have been denied as to petitioners Carol Ann Mercer and Deborah Williams.

However, Adesina Mercer was five years old at the time of the accident and plainly she was prevented from the timely filing of her claim because of her infancy. Thus, the guardian is entitled to relief on behalf of Adesina Mercer.

Furthermore, in cases governed by section 608—other than hit and run cases—the suit is not to be prosecuted against MVAIC directly but is prosecuted against the defendant, with MVAIC playing the role customarily played by liability insurers. (Insurance Law, §§ 609, 610.)

BIRNS, J. P., and EVANS, J., concur with FEIN, J.; SILVERMAN and LANE, JJ., dissent in part, in an opinion by SILVERMAN, J.

Order, Supreme Court, New York County, entered on October 6, 1977, modified, on the law, to delete from the order so much thereof as (1) grants leave to petitioners to bring an action against MVAIC; (2) amends the caption to add MVAIC as a party defendant and directs service of an amended complaint; and (3) remands the case to the Civil Court, and in place thereof, grant both petitioners leave to file an affidavit and late notice of claim with MVAIC pursuant to section 608 of the Insurance Law and MVAIC is directed to enter an appearance in and assume the defense on behalf of Plexo Cab Corporation and Martin Blakely in the underlying action pending in the Civil Court as required by sections 609 and 610 of the Insurance Law and otherwise affirmed, without costs and without disbursements.