■ In the Matter of NATIONAL SURETY CORPORATION, Respondent, v ALFREDO VALENTIN, Appellant, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. — Judgment of the Supreme Court, New York County (Bowman, J.), entered October 23, 1980, permanently staying arbitration between appellant-respondent Alfredo Valentin and respondent-petitioner, National Surety Corporation, is unanimously modified, on the law and the facts, to the extent of reversing the decretal paragraph of the order which grants a permanent stay of arbitration between petitioner and respondent; directing the parties to proceed to arbitration; and is otherwise affirmed, with costs. On September 22, 1978, the appellant was injured in an automobile accident involving a vehicle owned and operated by one Pedro Alvarado, and another vehicle. He commenced a personal injury action against Mr. Alvarado. When it was discovered that Alvarado was not insured, appellant filed a notice of claim with his own insurer, National Surety Corporation (National), under the policy's uninsured motorist indorsement. Thereafter, appellant served a demand for arbitration on National. Respondent moved to stay the arbitration on the ground, *inter alia,* that the appellant Valentin had not complied with the requirement of his policy that notice of claim under the uninsured motorist indorsement had to be filed *within 90 day or as soon as practicable.* The court below granted the respondent National's application to permanently stay arbitration between appellant Valentin and respondent National. At the same time, it dismissed the proceeding against National Grange Mutual Insurance Company (Grange), the insurer of the Alvarado vehicle, which had been joined previously as a party respondent. The court granted the motion to permanently stay arbitration under the erroneous belief that the Form FS-25, requesting information from the Department of Motor Vehicles, indicated that there was no insurance in effect on the registration date. In fact, the FS-25 received from the Department of Motor Vehicles states that the offending vehicle was insured by Grange *as of the registration date* (Sept. 30, 1977), which was not due to expire

until *after* the date of the accident. Appellant relied upon this FS-25 form, and forwarded a copy of the complaint to Grange. Where notification had been received from the State Motor Vehicle Department indicating that on the date of the last registration, the vehicle involved was insured, Valentin was justified in relying upon this representation and presuming that such insurance was in effect to the date of the accident. (*Matter of Mercer v MVAIC*, 66 AD2d 403.) Appellant had a valid basis for believing the offending vehicle to be insured by Grange and for proceeding against Grange. He mailed a notice of claim under the uninsured motorist indorsement of his policy of insurance to respondent-petitioner less than three weeks after notification by Grange that its policy on the offending vehicle had been canceled. This cannot be viewed as an undue delay under the circumstances. Appellant must be deemed to have acted with due diligence and to have given notice "as soon as practicable" as required by his policy of insurance. Respondent asserts that it was error for the court below to dismiss the proceeding against Grange. However, respondent never filed a cross appeal from that portion of the order of October 23, 1980 which dismissed the proceeding against Grange, and is therefore bound by that disposition. "[A] party who omits to appeal virtually assents to the judgment, and the result of the trial must be regarded as establishing the law of the case as to him. Even though the appellate court takes the view that the judgment below was in some respects too favorable to the appellant, or too unfavorable to the respondent, it will not correct such errors where the party injured thereby took no appeal." (10 Carmody-Wait 2d, NY Prac, § 70:337, pp 606-607; *Cox v Stokes*, 156 NY 491; *Burns v Burns*, 190 NY 211.) Concur — Sullivan, J. P., Silverman, Fein, Lynch and Asch, JJ.