■ RICHARD L. PATELUNAS, Respondent, v JANET L. PATELUNAS, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Smyk, J.), ordering equitable distribution of the parties' marital property, entered March 20, 1987 in Broome County, upon a decision of the court, without a jury.

The parties were married on November 27, 1974. During their marriage, they purchased a 2-family residence in Broome County for $42,250, of which $40,500 represented the proceeds of a joint purchase-money mortgage. The parties both contributed to the cost of maintaining the residence for a period of some 11 months after its purchase until January 3, 1980, when defendant left. Defendant made no contributions thereafter, and plaintiff continued to occupy the marital residence, paid all expenses attributable thereto and collected all rents from the income-producing apartment. On January 20, 1981, at a time when defendant took the parties' child to go live with her in Georgia, she left plaintiff a letter stating, among other things, "[a]s far as I'm concerned, the house is all yours, including the furniture". Plaintiff subsequently sought and obtained custody of the child in Family Court.

Plaintiff commenced an action for divorce on February 13, 1981. Although defendant appeared by an attorney, she did not answer the complaint, and judgment was entered September 15, 1981 granting a default divorce and referring the

unresolved issues of custody, child support and distribution of marital property to Family Court. Neither party took any initiative, however, to bring about a disposition of marital property until plaintiff commenced what was denominated a special proceeding for equitable distribution of marital property in March 1986. The sole issue to be determined, defendant's distributive share of the marital residence, was tried on February 24, 1987, over 6 years following commencement of the action for a divorce.

At trial, the parties stipulated as to the equity in the marital residence on (1) the date of its purchase, (2) the date of defendant's departure, (3) the date of commencement of the action for a divorce, and (4) the approximate date of commencement of the proceeding for equitable distribution, as follows:

| Date | Gross Value | Mortgage | Net Value |
|---|---|---|---|
| (1) February 1, 1979 | $42,250 | $40,500 | $ 1,750 |
| (2) January 3, 1980 | 42,500 | 40,271.21 | 2,228.79 |
| (3) February 13, 1981 | 46,750 | 39,998.04 | 6,751.96 |
| (4) April 21, 1986 | 76,500 | 38,190.91 | 38,309.09 |

It was plaintiff's contention that defendant was not entitled to share in the marital residence and that, if she was determined to be so entitled, the proper valuation date was February 13, 1981. Defendant contended that April 21, 1986 was the proper valuation date. Supreme Court valued the realty as of February 13, 1981 and awarded defendant 50% thereof or $3,375.98. From that sum, it credited plaintiff for debts of defendant which he paid in the amount of $1,364.11, leaving a net award of $2,011.87. This appeal ensued, with defendant contending that Supreme Court erred in valuing the property as of the date of commencement of the action for divorce. We agree.

The issue of the date to be used for the valuation of marital property is one of the most difficult problems created by the Equitable Distribution Law (L 1980, ch 281). Our recent decision in *Lord v Lord* (124 AD2d 930, 932) provided that "unless doing so would be patently inequitable, valuation of marital property is properly fixed at the commencement of the action". Where, as here, the asset to be valued is the marital residence, 6 years have elapsed between the commencement of the action and trial and, more significantly, there has been nearly a 6-fold increase in the net value of the asset during that period, utilization of the February 13, 1981 valuation date is patently inequitable. This is especially so in view of plaintiff's concessions that the property was "a profit maker",

that "every year either from taxes or from rental income or both it was a good economical way for.[him] to live" and that he "found it economic and efficient * * * to stay in the house and not bring this equitable distribution proceeding until [he] got ready to move". Moreover, the increase in value of the marital residence was due to over-all market activity and not attributable to the efforts of plaintiff. These special circumstances extant, the valuation date should be as close to the time of trial as possible *(see, e.g., Wegman v Wegman,* 123 AD2d 220, 230, 237; *Lobotsky v Lobotsky,* 122 AD2d 253, 254-255; *Sorrentino v Sorrentino,* 116 AD2d 564, 566). Inasmuch as April 21, 1986 is the latest valuation date supported by competent evidence, it should have been employed by Supreme Court.

Last, we reject plaintiff's contention that defendant waived her right to a distributive share of the marital residence by virtue of her letter of January 20, 1981. That issue is not properly before us since plaintiff has not taken an appeal *(see,* 10 Carmody-Wait 2d, NY Prac § 70:337, at 606-607; *see also, Burns v Burns,* 190 NY 211, 215; *Cox v Stokes,* 156 NY 491, 504; *Matter of National Sur. Corp. v Valentin,* 87 AD2d 769, 770) and is untenable in any event since the letter could not constitute a valid opting-out agreement within the purview of Domestic Relations Law § 236 (B) (3) *(see, Lischynsky v Lischynsky,* 95 AD2d 111, 112-113; *cf., Curley v Giltrop,* 68 NY2d 651, 654, n).

Judgment modified, on the law and the facts, without costs, by remitting the matter to the Supreme Court for the purpose of modifying the equitable distribution of the parties' marital property in accordance with this court's decision, and, as so modified, affirmed. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.