■ In the Matter of STATE-WIDE INSURANCE CO. INC., Appellant, v ROSEMARIE MONACO et al., Respondents.—In a proceeding pursuant to CPLR article 75 for a permanent stay of arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered October 17, 1988, which, *inter alia,* dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The Supreme Court did not err in finding that the insurance policy issued by the respondent Firemen's Insurance Co. of Newark (hereinafter Firemen's) was properly canceled prior to the date of the accident. There being no policy in force, Firemen's did not have a duty to disclaim liability *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Aetna Cas. & Sur. Co. v Mari,* 102 AD2d 772).

Further, the record demonstrates that the attorney for the respondent Monaco promptly and diligently pursued the claim for insurance and was entitled to rely on the records of the New York State Department of Motor Vehicles which indicated that Firemen's was the insurance carrier of the offending vehicle *(see, Matter of National Sur. Corp. v Valentin,* 87 AD2d 769). Once Firemen's communicated to Monaco's attorney that the policy was canceled prior to the date of the accident the record indicates that the petitioner was promptly notified of Monaco's claim for uninsured motorist coverage by a letter sent within 90 days of the date of receipt of Firemen's disclaimer notice of June 16, 1987. Furthermore, during this period, attorneys for Monaco attempted to ascertain the validity of the alleged cancellation by seeking from Firemen's a copy of the cancellation and other appropriate documents to substantiate Firemen's claimed cancellation, which would be required to support the uninsured motorist claim. Thus, Monaco cannot be said to have been guilty of undue delay.

We have reviewed State-Wide's remaining contentions and find that they are either without merit or not properly before us, not having been raised at the Supreme Court *(see, Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910; *Brent-Grand v Megavolt Corp.,* 97 AD2d 783). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ.