■ MICHAEL GOTTA et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent.—In an action, *inter alia,* for a judgment declaring that a certain insurance policy was in effect on November 30, 1985, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), dated January 20, 1988, which granted the defendant's motion for summary judgment and declared that the insurance policy in question was not in effect on November 30, 1985.

Ordered that the order and judgment is affirmed, with costs.

On or about November 25, 1985, the plaintiff Michael Gotta applied to the New York Automobile Insurance Plan (hereinafter NYAIP) for assigned risk insurance coverage for a 1977 Chrysler which he had recently purchased, but had not registered. The temporary New York State insurance identification card issued to him contained the following language: "If vehicle is to be registered—The coverage becomes effective when the card is presented to a New York Motor Vehicle Issuing Office and a registration is issued for the motor vehicle".

Prior to registering the vehicle, Michael Gotta was involved in an accident on November 30, 1985. Thereafter, in March 1986 Doris and Joseph Deacon commenced an action against the plaintiffs herein to recover damages for personal injuries allegedly resulting from that accident. The defendant Allstate Insurance Company (hereinafter Allstate), which had been designated as the Gotta vehicle's insurer pursuant to NYAIP's rules, was informed of the Deacon action. However, Allstate disclaimed coverage on the ground that there was no insurance policy in force on the date of the accident.

Michael Gotta and his wife then commenced the instant action for a judgment declaring whether the vehicle was

insured on November 30, 1985. Allstate moved for summary judgment, and the motion was granted.

We find that Allstate's motion for summary judgment was properly granted. It is undisputed that on the date of the accident, November 30, 1985, the plaintiff Michael Gotta had not yet registered the vehicle. Since registration was a condition precedent to the commencement of insurance coverage, the vehicle was not insured under section 11 (F) (1) of the NYAIP. Contrary to the plaintiffs' contention, insurance coverage under the assigned risk plan did not become effective merely upon the issuance of the temporary insurance card *(see, Allstate Ins. Co. v Liberty Mut. Ins. Co.,* 110 AD2d 736; *see also, Matter of Bowley Assocs. v State of New York Ins. Dept.,* 98 AD2d 521, *affd* 63 NY2d 982). In addition, there is no merit to the plaintiffs' further contention that Allstate should be estopped from denying coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Employers Ins. v County of Nassau,* 141 AD2d 496). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.