■ LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant, v HOME INSURANCE COMPANY, Respondent, et al., Defendants.— In an action for a judgment declaring that an insurance policy issued by the defendant the Home Insurance Company to Theodore T. Novak, requires the Home Insurance Company to defend and indemnify David Accetta as an "additional insured" in an action brought by Theodore A. D. Novak against David Accetta, Liberty Mutual Insurance Company appeals from an order of the Supreme Court, Suffolk County (Copertino, J.), dated December 19, 1988, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record, summary judgment is granted to the respondent, the Home Insurance Company; as so modified, the order is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the Home Insurance Company is not required to defend and indemnify David Accetta as an "additional insured" in an action brought by Theodore A. D. Novak against Accetta.

On July 13, 1983, Theodore A. D. Novak went sailing on his father's 16-foot catamaran sailboat with two guests, including David Accetta. After sailing, Novak and Accetta brought the boat back to the shore and prepared to load it onto a trailer. As Accetta was assisting Novak in securing the boat on the trailer, a mastpole which Accetta had been handling slipped from his grasp and struck Novak in the shoulder, allegedly causing Novak to sustain personal injuries. Thereafter, Novak commenced an action against Accetta. That action was defended by Liberty Mutual Fire Insurance Company (hereinafter Liberty) under a homeowner's policy issued to Accetta's parents.

The instant action for a declaratory judgment was commenced by Liberty against the Home Insurance Company

(hereinafter Home), which had issued a homeowner's policy to Novak's father. Significantly, the relevant language of the Home policy defines an insured as, *inter alia,* "any person or organization *legally responsible for * * * [the] watercraft"* (emphasis added). According to Liberty, (1) the removal of the mast was a "necessary" task in the use of the sailboat, requiring the participation of two people, (2) by helping to remove the mast, Accetta must necessarily have done so with the permission of the boat's owner, Novak's father, since the job required two people, and (3) if Accetta was negligent in assisting with the mast, he was "legally responsible" for his negligence, which Liberty argues, concurrently establishes that he was also "legally responsible" for the watercraft under the foregoing policy provisions. The Supreme Court denied summary judgment to Liberty, concluding, *inter alia,* that there was a material issue of fact with respect to whether Accetta was an insured under Home's policy in light of his actions in handling the mast. We disagree.

Upon our search of the record pursuant to CPLR 3212 (b) *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333), we conclude that summary judgment must be granted to Home. A review of the relevant policy language discloses that coverage is provided for the owner and extended, *inter alia,* to persons "legally responsible" for the watercraft. A guest who merely assists the custodian of the watercraft in securing a mast does not, by the foregoing action, become "legally responsible" for the watercraft. Liberty's construction of the phrase to include any conduct related to the operation of the boat materially alters the clear meaning of the policy language by extending coverage to a broad class of individuals, including guests, merely upon a showing that the guest in some respect assisted his host in a function related to the use or maintenance of the craft. We decline to adopt such a construction of the policy provision in question. Since there is no question of fact presented with respect to Accetta's status as a person "legally responsible" for the catamaran, summary judgment is properly awarded to Home *(see, W.W.W. Assocs. v Giancontieri, supra; Schleich v Gruber,* 133 AD2d 224; *Vecchio v Lack,* 131 AD2d 465, 466).

Finally, in light of our determination that the policy was not written to provide coverage as argued by Liberty, Home was under no duty to issue a written disclaimer of coverage pursuant to Insurance Law § 3420 (d) *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *see also, Matter of Fireman's Fund Ins.*

*Co. v Freda,* 156 AD2d 364; *Gotta v Allstate Ins. Co.,* 154 AD2d 651; *Matter of State-Wide Ins. Co. v Monaco,* 154 AD2d 381). Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.