OPINION OF THE COURT
David Goldstein, J.
Defendant moves to vacate as untimely, plaintiff’s notice of *623 claim, which had been served upon the Motor Vehicle Accident Indemnification Corporation (MVAIC). Plaintiff cross-moves to compel MVAIC to assume the defense of both Perez and Washington, the owner and operator, respectively, of the vehicle in which plaintiff had been riding at the time of the accident. The accident occurred on July 30, 1993, when the vehicle in which plaintiff had been a passenger was struck by a vehicle operated by codefendant Bell.
Thereafter, Interboro Mutual Indemnity Insurance Company (Interboro) disclaimed insurance coverage as to the Perez vehicle in a letter dated August 9, 1993, wherein plaintiff’s counsel was advised that the insurer had no record of having issued any insurance for Perez and that the policy number furnished did not include her as an assured. Subsequently, on July 25, 1994, pursuant to a request from plaintiff, the Department of Motor Vehicles acknowledged that the Perez vehicle was not covered by any liability insurance on the date of the accident and that the driver’s license and registration for Perez and driver’s license for Washington had been revoked.
Some time thereafter, without seeking leave to proceed against MVAIC, plaintiff filed a claim for uninsured motorist benefits against a policy of insurance, which had been issued by Allstate Insurance Company to one Danville H. Helmley, alleged to be a "resident-relative” of the plaintiff. The Allstate policy contained the standard uninsured motorist endorsement. On or about December 16,1994, plaintiff served an intention to arbitrate under that policy, whereupon Allstate brought a proceeding to stay arbitration. On February 15, 1995, Justice Molloy, in Supreme Court, Nassau County, stayed arbitration upon plaintiff’s failure to submit proof that Helmley was a resident relative. In fact, the decision notes that a hospital record reflects that Helmley’s nearest relative was someone else, but granted plaintiff leave to renew upon submission of additional proof.
Although a determination was rendered February 15, 1995, plaintiff did not secure the order until two months later, on April 15, 1995 and, more than one month thereafter, on May 24, 1995, submitted a notice of claim to MVAIC, together with a letter and enclosures, setting forth the reason notice of claim had not been filed within 180 days after accrual of the cause of action, as is required by Insurance Law § 5208 (a) (1).
The legislative purpose underlying Insurance Law article 52, which created MVAIC, is to secure to innocent victims of motor vehicle accidents caused by uninsured motorists, compensa *624 tion for injuries and financial losses inflicted upon them (see, Matter of Lloyd [MVAIC], 23 NY2d 478). Under the statute, the protection afforded by MVAIC is available to "[a]ny qualified person having a cause of action because of * * * bodily injury, arising out of a motor vehicle accident occurring within this state, who files with the corporation within one hundred eighty days of the accrual of the cause of action, as a condition precedent to the right to apply for payment from the corporation, an affidavit stating that * * * (B) the cause of action is against the owner or operator of a designated uninsured motor vehicle” (Insurance Law § 5208 [a] [1]).
Further, protection is also provided to any qualified person who files an affidavit with MVAIC, stating that the person has a cause of action for damages and "the insurers of the person alleged to be liable for the damages have disclaimed liability or denied coverage because of some act or omission of the person alleged to be liable including the denial of coverage based upon the lack of a policy of insurance in effect at the time the cause of action arose; provided, however, that in the case of a denial of coverage based upon the lack of a policy of insurance in effect at the time the cause of action arose, timely reasonable efforts had been made to ascertain insurance coverage” (Insurance Law § 5208 [a] [3] [A] [ii]). This affidavit must also be filed within 180 days of the affiant’s receipt of notice of the disclaimer or denial of coverage (see, Insurance Law § 5208 [a] [3] [BJ). The former statute (prior to 1989) required notice within 90 days and most of the reported decisions construed the prior statutory provisions.
Under the express terms of the statute, where there is a denial of coverage based upon the lack of a policy of insurance in effect at the time of the accident, claimant must demonstrate that there had been "timely reasonable efforts” to ascertain the existence and availability of insurance coverage (Insurance Law § 5208 [a] [3] [A] [ii]). Thus, it has been routinely held that, where notice is not given within the statutorily prescribed period, inasmuch as such notice must be filed within a "reasonable” time or "as soon as practicable” or some other similar appellation, claimant "must show he has diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice”. (Matter of Kauffman [MVAIC], 25 AD2d 419; see also, Matter of Chiro [Merchants Mut. Ins. Co.], 49 AD2d 686, affd 40 NY2d 852; Matter of Giles [MVAIC], 30 AD2d 637; Matter of MVAIC [Cosulich], 23 AD2d 546.)
*625 In Matter of Lloyd (MVAIC) (supra), notice of claim had been given 152 days after the accident. The applicable statute at that time required such filing within a 90-day period. The delay in that case resulted from a misunderstanding as to whether an attorney had been retained, a circumstance which the Appellate Division found immaterial on the issue of the timeliness of the filing, likewise concluding that it was irrelevant that there was no resulting prejudice to MVAIC, since another person injured in the same accident had timely filed a notice of claim. In affirming the order which held that notice had not been made within a reasonable time, the Court of Appeals observed (23 NY2d, at 482, supra): "In order for a late filing to come within the ambit of the savings clause, the claimant must have exhibited a certain diligence in attempting to investigate the tort-feasor’s insurance coverage and expeditiously pursue his claim thereafter. ” (Emphasis added.)
In Matter of Kauffman (MVAIC) (supra) also decided under the prior statutory 90-day period, a policy endorsement required written notice of claim within 90 days or "as soon as practicable”. In that case, notice of intention to make claim was made almost seven months after the accident. Claimant had not made any request of the Department of Motor Vehicles as to the existence of insurance until six months after the occurrence. Citing MVAIC’s need for prompt notice to investigate claims and to prepare a defense "while claims are fresh and memories have not faded”, the Appellate Division, First Department, held that the claimant in that case did not proceed diligently. "[A] claimant should be at least as diligent in initially endeavoring to find out whether the other car is insured as he is after discovering there is no insurance.” (25 AD2d 419, supra.)
Similarly, in Matter of MVAIC (Cosulich) (supra), the accident occurred on June 3, 1961 and an attorney was retained six days later. An MV-104 report, reflecting that there was no insurance, was filed October 16, 1961, but it was not until February 20, 1962, that counsel requested a copy of the accident report. Notice of claim was filed April 11, 1962, less than one month after counsel learned, on March 27, 1962, that there was no insurance. In the absence of some "satisfactory explanation”, the delay in giving notice was held unreasonable as a matter of law.
And, in Matter of Giles (MVAIC) (supra), notice of claim, given two years after the occurrence, was held to be unreasonable and untimely, where the first attempt to ascertain *626 whether there was insurance was made 20 months after the accident. The Fourth Department determined that claimant did not diligently proceed to ascertain whether insurance coverage existed.
In our case, as noted, a claim was filed with MVAIC on May 24, 1995, almost 22 months after the accident, more than 21 months after Interboro had advised that there was no insurance coverage, and 10 months after the Department of Motor Vehicles acknowledged that there was no existing insurance coverage and that the registration and licenses of the owner and operator had been revoked.
In my view, this delay on the part of plaintiff in furnishing required notice to MVAIC, in the absence of some excuse or justification, was unreasonable as a matter of law. There is nothing in the record to in any way justify or excuse the failure to proceed timely, especially if due consideration is given, as it must, to the relative rights and interest of MVAIC and the purpose underlying its creation. In lieu of filing timely notice of claim, or intention to make claim, plaintiff pursued a course over a significant period of time to seek the benefit of insurance as a resident relative of another. The underlying basis for this approach has not been adequately set forth or otherwise explained and, in any event, the ensuing delay was significant.
Applying the operative standard, in the absence of some reasonable and satisfactory explanation, sufficient to raise an issue of fact, plaintiff has not proceeded in diligent fashion, following his discovery that there was no insurance coverage on the Perez vehicle. Although notice of intention to file a claim could have been given after Interboro’s denial of coverage, even as a protective device, I agree that, generally, it is appropriate and advisable for counsel to request information as to available insurance coverage from the Department of Motor Vehicles. Plainly, the interests of the client, in terms of maximizing the proceeds from which a recovery may be had, favor and, in fact, mandate, that such a request be made.
While at least one decision has held that notice from the Department of Motor Vehicles is not a condition precedent to the filing of a notice of claim (Ortiz v Pabon, 22 Misc 2d 241), the holding is neither dispositive nor persuasive. One can hardly give notice unless and until there is knowledge of the facts upon which such notice is to be predicated (cf., Matter of MVAIC [Brown], 15 AD2d 578, 579). Furthermore, inquiry directed to the Department of Motor Vehicles is the most *627 readily available means for an accident victim to ascertain the existence of insurance coverage.
In any event, notwithstanding that common prudence supports such an inquiry, this does not relieve the claimant from the obligation of proceeding in reasonable and diligent fashion. On the present record, it is clear that plaintiff did not proceed timely. Although the record does not disclose when a request was made to the Department of Motor Vehicles, there is no excuse for the inordinate delay after the receipt of the Department’s response on July 25, 1994. In my view, at that time, at the latest, plaintiff should have furnished notice of claim. No basis is shown for the subsequent attempt to proceed as against Allstate, which consumed an inordinate amount of time. Although, conceivably, in a proper case, such extraordinary efforts to secure other persisting insurance could be considered, the present record is insufficient for that purpose.
Under the circumstances of this case, the attempt to secure uninsured motorist benefits as against Allstate was not an additional step evincing a reasonable effort to ascertain insurance coverage, within the ambit of section 5208 (a) (3) (A) (ii). The notice of claim filed here, more than 21 months after Interboro had denied coverage and 10 months after the Department of Motor Vehicles advised that there was no available insurance coverage, was untimely as a matter of law. Moreover, plaintiff made no application for leave to file a late notice of claim within one year after the accrual of the cause of action (see, Insurance Law § 5208 [c]; Matter of Bradley v MVAIC, 57 AD2d 894). Nor does this case involve any issue as to delay or misinformation by the Department of Motor Vehicles, which, it has been held, should not be visited upon the claimant (see, Matter of Mercer v MVAIC, 66 AD2d 403).
Accordingly, defendant’s motion to vacate plaintiff’s notice of claim as untimely is granted in all respects, relieving MVAIC from any responsibility in the case, and plaintiff’s cross motion to compel MVAIC to continue to defend Perez and Washington is denied.