■ SALVATORE COLLISION & TOWING, INC., et al., Appellants, v MARYLAND CASUALTY COMPANY, Respondent, et al., Defendants. [670 NYS2d 555] —In an action, *inter alia,* for a judgment declaring that Maryland Casualty Company has an obligation to defend and indemnify the plaintiffs in a wrongful death action, the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated December 9, 1996, which denied, after a hearing, the plaintiffs' cross motion for summary judgment against Maryland Casualty Company and granted the latter's motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by adding thereto a provision severing the action against the remaining defendants; as so modified, the order is affirmed, with costs to the respondent, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment declaring that the respondent has no obligation to defend and indemnify the plaintiffs in an underlying wrongful death action pending in the Supreme Court, Kings County, under Index No. 42647/93, entitled *Fodale v Cinema Car Leasing.*

There is no merit to the plaintiffs' contention that insurance coverage by Maryland Casualty Company (hereinafter Maryland Casualty) was effective before the date of the loss. Since registration of the vehicle with the New York State Department of Motor Vehicles is a condition precedent to obtaining temporary insurance and the plaintiffs failed to register the vehicle in New York until after the date of the loss, the vehicle was not insured on the date of the loss (*see,* Rules of New York Automobile Insurance Plan § 11 [F]; *Gotta v Allstate Ins. Co.,* 154 AD2d 651).

At the hearing, Maryland Casualty established that the insurance application was received at the offices of the Automobile Insurance Plan (hereinafter AIP) on September 22, 1993. This was established by a witness employed by AIP who read into the hearing record the perforated time-stamped date on the original insurance application. This date was not chal-

lenged by the plaintiffs. Based on the manner and date of receipt, the effective coverage date was September 23, 1993, five days after the loss (*see,* Rules of New York Automobile Insurance Plan § 12 [A]). Since the plaintiffs failed to raise any material issue of fact with respect to the date the application was received by AIP, the Supreme Court properly granted summary judgment to Maryland Casualty (*see, Zuckerman v City of New York,* 49 NY2d 557).

However, the Supreme Court should have directed that judgment be entered in favor of Maryland Casualty declaring that it had no obligation to defend and indemnify the plaintiffs in the underlying wrongful death action (*see, Lanza v Wagner,* 11 NY2d 317, *cert denied* 371 US 901).

The plaintiffs' remaining contention is without merit. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.