■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent. — In an action for a judgment declaring that defendant's insurance policy "provides excess coverage to the financial responsibility limit of the State of Florida", plaintiff appeals from a judgment of the Supreme Court, Kings County (Lombardo, J.), entered June 29, 1982, which declared, *inter alia,* that plaintiff was the *primary insurer to the extent of its policy limit of $500,000.* Judgment reversed, on the law, with $50 costs and disbursements, and it is declared that plaintiff Liberty Mutual Insurance Company is required to indemnify Rosalie Rizzo on a primary basis to the extent of $10,000; it is further declared that defendant Prudential Property and Casualty Insurance Company is required to indemnify Rosalie Rizzo in the event that any recovery is made against her

in excess of $10,000 to the extent of its policy limit in the sum of $100,000; and it is further declared that plaintiff is required to indemnify Rosalie Rizzo in the event that any recovery is made against her in excess of $110,000 to the extent of the remaining coverage of its policy limit in the sum of $500,000. Plaintiff, Liberty Mutual Insurance Company, had issued a single limit comprehensive automobile liability insurance policy providing a Florida car rental agency, New Castle Rent-A-Car, Inc., with coverage in the sum of $500,000. On December 2, 1978 one Allen Kaplan leased an automobile from New Castle under an agreement which named Rosalie Rizzo as an additional driver, and on December 10, 1978 Miss Rizzo, while driving the leased automobile with Mr. Kaplan as a passenger, was involved in a one-car accident in the State of Florida. Defendant, Prudential Property and Casualty Insurance Company, had issued a family automobile policy with coverage limits of $100,000 to Miss Rizzo's father which, by its terms, covered Miss Rizzo as a member of the household, even while driving a nonowned automobile. Plaintiff failed to comply with section 627.7263 of the Florida statutes, which provides: "627.7263 Rental and leasing driver's insurance to be primary; exception (1) The valid and collectible liability insurance or personal insurance protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by §§ 324.021(7) and 627.736. (2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee's insurance company if the lessor's insurance is not to be primary." Contrary to the explicit provisions of section 627.7263 of the Florida Statutes, the rental agreement did not contain a statement in "bold type", informing the lessee that the coverage of the lessee's insurance company (Prudential) would be primary. The Florida Statutes provided that in the event "bold type" notice is not given, the lessor's insurance coverage is primary up to the limits of the Florida Responsibility Law (Florida Statute, § 324.021, subd 7). Since plaintiff concedes that the leasing agreement did not provide the necessary "bold type" warning, it has primary liability for any recovery made against the driver of the rented automobile involved in the accident in the underlying case (*P & H Vehicle Rental & Leasing Corp. v Garner*, 416 So 2d 503 [Fla]). However, such liability is limited at the outset to the $10,000 minimum protection coverage required by the Florida Statutes (§ 324.021, subd 7), regardless of any other provision contained in the rental agreement or policy (*Patton v Lindo's Rent-A-Car*, 415 So 2d 43 [Fla]). Consequently, on any amount recovered above the $10,000 minimum required by Florida law, the driver's insurance policy has secondary coverage. Accordingly, plaintiff's liability on the balance of its $500,000 coverage would not take effect until the $100,000 coverage of defendant Prudential had been exhausted. It is to be noted that defendant Prudential raises on appeal the issue of late notice to it of the accident, and yet, it did not file a cross notice of appeal from any of the findings of Justice Lombardo, nor did it see fit to offer in evidence its insurance policy and any reference to it is dehors the record. The record does not disclose when the defendant received notice, from whom the notice was received, how and when the alleged disclaimer was issued or to whom it was issued, and therefore this issue, not having been properly raised before Justice Lombardo, cannot be a subject of this appeal. Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.