■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v FRANK GIORDANO et al., Appellants. — In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the appeal is from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 16, 1984, as granted the application.

Order reversed, insofar as appealed from, on the law, with costs, application denied, and the parties are directed to proceed to arbitration forthwith.

On October 27, 1974, appellants' vehicle was struck by another vehicle which ran a red light. Appellants' vehicle was insured by respondent. The driver of the offending vehicle fled the scene of the accident and was never apprehended or identified.

On November 4, 1974, Andrew P. Keane, the registered owner of the offending vehicle, was arrested for leaving the scene of the incident. The criminal charges against Keane were dismissed on January 9, 1975.

Thereafter, appellants commenced an action against Keane to recover damages for their injuries sustained in the accident. Keane appeared and was represented by the attorneys of record for Government Employees Insurance Company (hereinafter GEICO), the company which insured Keane's vehicle on the date of the accident.

By letter dated October 6, 1980, appellants' counsel informed respondent that appellants' action against Keane was scheduled to go to trial but that, at the September 1980 pretrial conference, Keane's attorney presented evidence that Keane's car was stolen prior to the time of the accident and was driven without Keane's knowledge or consent. The letter stated that "[i]f the trial of this matter establishes that the vehicle was stolen, claim

will be made under your uninsured insurance policy for payment of [appellants'] claim". Said letter also offered respondent the opportunity to participate in appellants' action against Keane. Petitioner did not respond to this letter.

Keane subsequently moved for summary judgment dismissing the complaint. Appellants opposed this motion and the matter was referred to a referee to determine whether Keane's vehicle was, in fact, stolen.

After several hearings, the referee, by report dated April 28, 1982, determined that Keane's car was stolen prior to the accident and that Keane reported the theft to the police as soon as he discovered it. The report of the referee was subsequently confirmed and Keane's motion for summary judgment dismissing the complaint was granted.

Appellants served a demand for arbitration of their uninsured motorist claim on respondent on June 7, 1982. Respondent then commenced this proceeding to permanently stay arbitration on the ground that appellants' demand was barred by the six-year Statute of Limitations. Respondent contended the appellants' claim accrued on the date of the accident, October 27, 1974, and, accordingly, the June 7, 1982 demand was untimely. Respondent's motion was granted without opposition.

Appellants subsequently moved to vacate the order entered on their default and to compel respondent to proceed to arbitration. They contended that their claim did not accrue until April 28, 1982, the date on which the referee determined that the vehicle was stolen, thereby relieving Keane's insurer, GEICO, of any liability. The motion was denied and appellants moved to renew and reargue their motion to vacate their default in opposing the application for a stay of arbitration. Upon renewal and reargument, arbitration of appellants' claim was permanently stayed on the ground that said claim accrued on the date of the accident and that, therefore, the June 7, 1982 demand was barred by the six-year Statute of Limitations.

The absence of insurance is the essential prerequisite for the existence of coverage under an uninsured motorist indorsement (*Matter of Aetna Cas. & Sur. Co.* [*Hines*], 102 AD2d 725, 726). An insurer's failure to defend and indemnify its insured is the determinative factor in deciding whether the offending vehicle is uninsured within the intendment of the Insurance Law (*see, Matter of Taub* [*MVAIC*], 31 AD2d 378, 382).

A demand for arbitration of an uninsured motorist claim is subject to a six-year Statute of Limitations (*Matter of De Luca* [*MVAIC*], 17 NY2d 76). Where the offending vehicle is insured

on the date of the accident, an uninsured motorist claim does not accrue until the vehicle thereafter becomes "uninsured" (*see, Matter of Taub [MVAIC], supra; Matter of MVAIC [Goldberg]*, 65 Misc 2d 778; Insurance Law § 5201).

In the proceeding at bar, GEICO, the offending vehicle's insurer, did not disclaim liability or deny coverage in any manner but chose to defend its insured throughout the underlying action. The question of whether the car was stolen was vigorously contested. Under these circumstances, the vehicle did not become uninsured for the purposes of instituting an arbitration proceeding against the insurer until such time as the court determined that, in fact, it was stolen and granted Keane's motion for summary judgment dismissing the complaint. Accordingly, appellants' June 7, 1982 demand for arbitration was timely.

We note that respondent's claim that appellants failed to file a notice of intention to arbitrate "as soon as practicable" is raised for the first time on this appeal. Respondent's failure to assert this contention at Special Term constitutes a waiver of this claim and, therefore, we decline to address it (*see, General Acc. Ins. Group v Cirucci*, 46 NY2d 862; *Liberty Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.*, 93 AD2d 814, 815, *affd* 59 NY2d 1021). Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.