■ In the Matter of EAST RAMAPO CENTRAL SCHOOL DIS-

TRICT, Respondent, v EAST RAMAPO TEACHERS ASSOCIATION et al., Appellants.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Rockland County (Slifkin, J.), dated January 16, 1984, which granted petitioner's application to stay arbitration.

Judgment reversed, on the law, without costs or disbursements, stay vacated, application denied, and the parties are directed to proceed to arbitration.

Petitioner seeks to stay arbitration of a grievance relating to an alleged violation of the transfer and promotion provisions of the parties' collective bargaining agreement. Petitioner claims that arbitration is barred under the doctrine of collateral estoppel by virtue of this court's decisions in *Matter of Schlosser v Board of Educ.* (62 AD2d 207, *affd* 47 NY2d 811) and *Matter of Greenwald v Board of Educ.* (77 AD2d 600, *affd* 57 NY2d 945). Appellants contend that their grievance, which arose out of petitioner's denial in 1983 of voluntary transfer requests made by appellants Rosen and Schiff, is a matter unrelated to the prior litigation, which arose out of petitioner's alleged improper termination of Rosen's and Schiff's employment in 1976. Arbitration was stayed because Special Term found that appellants previously had a full and fair opportunity to test the identical issue.

Upon any challenge to the submission of a dispute to arbitration between an employer and employee in the public sector, it must be determined whether it is permissible to resolve such grievances by arbitration under the Taylor Law (Civil Service Law art 14), and whether the parties, in fact, provided for arbitration of such grievances *(see, Binghamton Civ. Serv. Forum v City of Binghamton,* 44 NY2d 23, 28-29; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513). Although this threshold determination was not made by Special Term, it is evident from the record that arbitration of a grievance relating to the transfer and promotion of employees was both included under the broad grievance procedures of the parties' collective bargaining agreement and not prohibited under the Taylor Law or by public policy of the State.

The remaining issue, regarding the collateral estoppel effect of the prior litigation, is outside the scope of judicial inquiry and is within the exclusive province of the arbitrator *(see, Board of Educ. v Patchogue-Medford Congress,* 48 NY2d 812; *Matter of Board of Educ. [Florida Teachers Assn.],* 104 AD2d 411, *affd* 64 NY2d 822).

Therefore, the judgment appealed from is reversed and the parties are directed to proceed to arbitration. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.