■ In the Matter of the Arbitration between EMPIRE MUTUAL INSURANCE COMPANY, Respondent, and JOHN SLOANE, Appellant, et al., Respondents.—Judgment of Supreme Court, New York County (Amos Bowman, J.), entered May 10, 1985, unanimously reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

At issue here is the timeliness of a claim under the "as soon as practicable" clause in the uninsured motorist indorsement contained in a liability insurance policy. In June 1981, John Sloane (Sloane), the son of petitioner's insured, was injured while riding a bicycle which came into contact with a motor vehicle driven by additional respondent Manginelli (sued here as Maginelli), which was insured by additional respondent

Government Employees Insurance Company (GEICO). The police accident report confirms that insurance was in effect on the vehicle at the time. It has been stipulated that Manginelli's coverage by GEICO was issued through the assigned risk pool. It is also undisputed that Manginelli advised his insurance broker of the accident the next morning, and was told that he would be hearing from the insurance company. Manginelli did not advise GEICO directly, and apparently never did hear from the insurer. Indeed, Manginelli stated that at the time of the accident he did not even know who his insurer was, only that a policy had been obtained by his broker, through the assigned risk plan.

In August 1983, over two years after the accident, Sloane commenced an action against Manginelli. When the complaint went unanswered, Sloan's attorneys inquired of the Department of Motor Vehicles as to the insurance status of the Manginelli vehicle and were informed that GEICO was the insurer at the time of the accident. The attorneys immediately notified GEICO of the claim. On February 17, 1984, GEICO wrote the attorneys that it was disclaiming coverage because of Manginelli's breach of the policy by his failure to inform the carrier of any accident, as required by the policy, and by reason of Sloane's failure to give prompt notice of the claim to GEICO.

Five days after learning that GEICO, Manginelli's insurer, was disclaiming coverage for the 1981 accident, Sloane's attorneys notified petitioner, Empire, that a claim was being made under the uninsured motorist clause of the policy issued by Empire to Sloane's father. In March 1984, Sloane served a demand on petitioner for arbitration. Empire thereafter commenced this proceeding to stay arbitration on the ground that notice of the uninsured motorist claim had not been given "within 90 days or as soon as practicable", as required by the policy.

Trial Term granted the petition, finding that "Sloane failed to exercise care and diligence in ascertaining the facts" and that "evidence concerning the insurance status of Manginelli was reasonably ascertainable some several weeks after the accident * * * Therefore, as a matter of law notice was not given by Sloane as soon as practicable."

We disagree. Clearly the period during which Sloane had a responsibility to notify Empire began at the time that he was informed that Manginelli did not have proper insurance coverage, February 17, 1984. There was no lack of diligence on Sloane's part up until that time. Indeed, Sloane had every

reason to believe, from the police accident report, that valid insurance was in effect on the Manginelli vehicle on the date of the accident. In fact, that was the case, as later confirmed by the Department of Motor Vehicles. This is stipulated to on this record. GEICO's subsequent disclaimer of the claim was founded upon the fact that its own insured, Manginelli, had failed to apprise GEICO of the accident in a timely manner. That should not be held against Sloane. An earlier inquiry by Sloane, directed to the Department of Motor Vehicles, would have revealed that GEICO was the carrier, as indeed it was. Sloane had no reason to know that Manginelli had not notified GEICO. Moreover, it is only the absence of insurance that calls into play the uninsured motorist coverage. This was not the case on the date of the accident.

"Where the offending vehicle is insured on the date of the accident, an uninsured motorist claim does not accrue until the vehicle thereafter becomes 'uninsured' " *(Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, 911-912). Sloane was under no obligation to deal directly with the insurer of the offending vehicle. Nor should Sloane be penalized for Manginelli's failure to report the accident to his own carrier.

Empire's reliance on *State Farm Mut. Auto. Ins. Co. v Romero* (109 AD2d 786) is misplaced. In that case, insurance on the offending vehicle was not in effect on the date of the accident. It had been canceled 14 days prior to the accident by proper notice. A timely Department of Motor Vehicles check would have established that fact. By contrast, a timely check with the Department of Motor Vehicles in our case would only have confirmed the existence of insurance for the offending vehicle on the date of the accident. It would not have alerted Sloane to his need to assert a timely claim under the uninsured motorist provision of his policy with Empire. Concur—Carro, J. P., Asch, Fein, Milonas and Rosenberger, JJ.