■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v FELICE AVENA, Appellant. —In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an uninsured motorist claim, Felice Avena appeals (1) from a judgment of the Supreme Court, Queens County (Sacks, J.), dated July 17, 1986, which granted the application, and (2) as limited by her brief, from so much of an order of the same court, dated December 1, 1986, as upon reargument, adhered to the original determination.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Felice Avena was injured when a vehicle being driven by her husband Rocco Avena was involved in a six-car chain collision that occurred on the Grand Central Parkway in Queens in November 1975. One of the vehicles left the scene of the accident and another was later determined to be uninsured. In February 1976 the appellant notified the petitioner, which was the automobile insurance carrier for her and her husband, of her intention to make a claim under the uninsured motorist endorsement of their policy based upon the involvement in the accident with the unidentified hit-and-run vehicle. In September 1979 the appellant filed another notice of intention to make a claim, this time relating to the involvement of the second uninsured vehicle. Neither notice was challenged by the petitioner.

Litigation of the plenary action to recover damages brought by the Avenas against the other known participants in the

accident ultimately resulted, after two trials, in a judgment in favor of the defendants and against the Avenas on the issue of liability. After an unsuccessful appeal to the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, the appellant in June 1985 served upon the petitioner a demand for arbitration of her uninsured motorist claims. The petitioner subsequently brought this proceeding to permanently stay the arbitration, and the Supreme Court, Queens County, on the basis of submitted papers, granted the application on the ground that the appellant had failed to show that there had been the requisite contact between the Avena vehicle and the uninsured vehicle *(see, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson,* 67 NY2d 19). Although we disagree with the basis upon which the court granted the application, we nonetheless affirm based upon another ground raised by the petitioner in the court of first instance.

Although the parties waived a hearing and agreed that the petitioner's application should be decided on the basis of submitted papers, insufficient proof was submitted by the petitioner for the court to conclude that contact had not been made between the uninsured vehicles and the Avena vehicle. At best the petitioner's papers merely raised a factual issue, and the burden remained upon the petitioner, as the party seeking the permanent stay, to establish the lack of contact *(cf., Matter of State-Wide Ins. Co. v Lang,* 30 AD2d 974). We note that the effect of the judgment entered in the appellant's action to recover damages was not a consideration pertinent to the court's decision on the issue of contact but is, rather, a question that would be solely within the province of the arbitrator *(see, Matter of East Ramapo Cent. School Dist. v East Ramapo Teachers Assn.,* 116 AD2d 646, 647).

The Statute of Limitations was a ground asserted by the petitioner before the Supreme Court, Queens County, as a bar to arbitration, and we conclude that the application for a stay should be granted on this ground. A demand for arbitration of an uninsured motorist claim is subject to the six-year Statute of Limitations, which runs from the date of the accident except in certain circumstances where it is unable to be determined until a later date that the offending vehicle is uninsured *(see, Matter of De Luca [MVAIC],* 17 NY2d 76; *Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, *affd* 66 NY2d 810). The involvement of both insured and uninsured vehicles in a multivehicle accident does not affect the running of the time limitation, as the fact that there is an insured tortfeasor does not bar the injured party from obtaining unin-

sured motorist benefits under his own policy *(see, Matter of Electric Ins. Co. v Woods,* 101 AD2d 840), and the right to arbitration is not conditioned upon his prior prosecution of an action against the insured motorist *(see, Matter of State-Wide Ins. Co. v Lang, supra).* Since, at the time the demand for arbitration was made nearly 10 years had passed since the date of the accident, and the claim with respect to the unidentified hit-and-run vehicle clearly accrued upon the date of the accident, any claim relating to that vehicle was time barred. Moreover, as this 10-year time lapse is prima facie evidence that the appellant's demand for arbitration is untimely, it behooved the appellant to come forward with legally sufficient proof that a later accrual date applied with respect to the claim relating to the second uninsured vehicle. This she failed to do, and accordingly her demand for arbitration with respect to this vehicle is also time barred. The grant of a permanent stay of arbitration was therefore proper. Niehoff, J. P., Weinstein, Rubin and Kooper, JJ., concur.