■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v EXIO TORRALES, Appellant.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an uninsured motorist claim, Exio Torrales appeals from a judgment

of the Supreme Court, Kings County (Vinik, J.), dated June 17, 1991, which granted the petition and permanently stayed arbitration.

Ordered that the judgment is affirmed, without costs or disbursements.

The instant proceeding is not barred by the applicable Statute of Limitations. A prior proceeding for the same relief was commenced within the applicable 20-day period of limitation, and was dismissed on the ground that venue had been improperly placed. Since the prior proceeding did not terminate as a result of a voluntary discontinuance, failure to prosecute, or final judgment on the merits, and the instant proceeding was commenced within six months of the dismissal (see, CPLR 103, 205 [a]; 7503 [c]; Parker v Mack, 61 NY2d 114, 118; Gaines v City of New York, 215 NY 533; Denehy v St. John's Queens Hosp., 114 AD2d 991), the instant proceeding was timely.

Turning to the merits, we agree that the petitioner was entitled to a permanent stay of arbitration. A demand for arbitration of an uninsured motorist's claim is subject to the six-year Statute of Limitations, which runs from the date of the accident or from the time when subsequent events render the offending vehicle "uninsured" (see, Matter of De Luca [MVAIC], 17 NY2d 76; Matter of Allstate Ins. Co. v Giordano, 108 AD2d 910, affd 66 NY2d 810). The appellant sought arbitration by demand dated August 21, 1990, arising out of injuries allegedly suffered in an accident which occurred on August 25, 1981. On November 14, 1981, the appellant referred to the "unidentified nature of the offending vehicle" and made a claim under what he described as "the uninsured motorist and underinsured motorist coverage of the same policy", which contained the arbitration provisions at issue in this case. Consequently, the appellant cannot now claim that the six-year period within which a demand for arbitration had to be made began to run any later than the date of this claim. Moreover, the nine-year lapse between the accident and the demand is prima facie proof that the demand is untimely. Since the appellant failed to come forward with legally sufficient proof that a later accrual date applies (see, Matter of State Farm Mut. Auto. Ins. Co. v Avena, 133 AD2d 159), the demand for arbitration was time-barred and the permanent stay of arbitration was properly granted. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.