■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Respondent, v PETER MORIN et al., Appellants, PEERLESS INSURANCE COMPANY, Proposed Additional Respondent-Respondent, et al., Proposed Additional Respondent. [614 NYS2d 765] — In a proceeding pursuant to CPLR article 75 to stay arbitration, Peter Morin and Frantz St. Sume appeal from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated January 13, 1993, which granted the petitioners' application for a permanent stay of arbitration, and (2) an order of the same court, dated March 12, 1993, which denied their motion denominated as one for renewal and reargument, but which was, in actuality, a motion for reargument only.

Ordered that the appeal from the order dated March 12, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 13, 1993, is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

In light of the appellants' failure to present any new facts upon their motion denominated as one for renewal and reargument, that motion was actually for reargument only and no appeal lies from the denial thereof *(see, Fucci v Town of Oyster Bay,* 170 AD2d 646).

As to the order dated January 13, 1993, we find that the Supreme Court erred in permanently staying the uninsured motorist claim. The underlying uninsured motorist claim arises out of an August 6, 1990, accident involving the appellants' car, insured by Colonial Penn Insurance Company (hereinafter Colonial Penn), and a car owned by Eddy Valdez, insured by Peerless Insurance Company (hereinafter Peerless). On the date of the accident, the Valdez vehicle was insured, but on June 4, 1992, Peerless disclaimed coverage on the ground that Valdez did not report the claim nor the fact that he had been served with legal documents, in violation of the terms and conditions of the insurance policy. Under these circumstances, the uninsured motorist claim did not accrue until June 4, 1992, the date on which Peerless disclaimed coverage for Mr. Valdez. Therefore, the appellants' demand for arbitration dated August 24, 1992, made within 90 days of the date when Mr. Valdez's vehicle became "uninsured", was timely pursuant to the policy *(see, e.g., Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, 911-912, *affd* 66 NY2d 810; *Matter of Allstate Ins. Co. v Torrales,* 186 AD2d 647). We note that this is not a situation where Colonial Penn was unaware of the underlying accident until the 1992 demand for arbitration was made *(cf., Smalls v Reliable Auto Serv.,* 205 AD2d 523).

Upon remittitur, the Supreme Court should make a determination with regard to the remaining claims raised in the petition. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.