In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v PELLEGRINO DePIETTO, Respondent. [641 NYS2d 403] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated February 9, 1995, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith and a new determination; and it is further,

Ordered that the arbitration is temporarily stayed pending the hearing and new determination.

When, as here, the arbitration clause of the insurance policy limits arbitration to essentially two questions—the right to recover from the alleged tortfeasor and the amount of the insured's damages—the issue of whether the underinsured motorist provisions of the insurance policy apply is for the court to determine in the first instance and not the arbitrator (*see, Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889). Since there was a disputed question of fact about whether the alleged tortfeasor's motor vehicle was underinsured, a hear-

ing should be held to resolve that issue. Similarly, the hearing should encompass the questions of whether the respondent breached the insurance policy by settling his claim with the alleged tortfeasor without the consent of the petitioner (*see, Matter of Aetna Cas. & Sur. Co. v Crown,* 181 AD2d 883; *see also, Morrison v Worldwide Ins. Group,* 212 AD2d 518), and whether the petitioner is entitled to offset the underinsured motorist benefits by the amount of the respondent's settlement with the alleged tortfeasor (*see, Matter of Kansas City Fire & Mar. Ins. Co. [Barnes],* 115 AD2d 311). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.