■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v LISA PANTINA, Respondent. [681 NYS2d 82] —In a proceeding pursuant to CPLR 7503 to stay the arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated November 17, 1997, as denied either a permanent stay of arbitration or, in the alternative, to add Allstate Insurance Company and Mary Ciotti as parties to the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

Lisa Pantina was injured in 1993 in an accident involving a vehicle which was owned by Mary Ciotti and insured by Allstate Insurance Company (hereinafter Allstate). Pantina commenced a personal injury action against Ciotti in 1994, which was defended by Allstate. In June 1997 Pantina's attorney was informed by Allstate that it was denying coverage of the Ciotti vehicle on the ground that the vehicle was stolen at the time of the accident. On September 10, 1997, Pantina demanded arbitration of her claim for uninsured motorist benefits under her policy with the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Later that same month, the jury reached a verdict which absolved Ciotti of liability for the accident.

State Farm moved for a permanent stay of arbitration on the ground that Pantina failed to notify it of her claim "as soon as practicable" as required under the terms of her policy. We conclude that Pantina's time to notify State Farm of her uninsured motorist claim did not begin to run until the Ciotti vehicle became uninsured, that is, in June 1997, when Allstate disclaimed coverage for the accident (*see, Colonial Penn Ins. Co. v Morin,* 206 AD2d 531; *Matter of Empire Mut. Ins. Co. [Sloane],* 117 AD2d 510; *see also, Matter of Allstate Ins. Co. v Giordano,* 108 AD2d 910, *affd* 66 NY2d 810). Under the circumstances, Pantina notified State Farm of her claim within a reasonable time after learning of Allstate's disclaimer.

State Farm's contentions regarding the timeliness of Allstate's disclaimer of coverage are not properly before this Court, as they were not raised in the Supreme Court (*see, Matter of State-Wide Ins. Co. v Monaco,* 154 AD2d 381). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.