■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v CHRISTOPHER MORRISON, Appellant. [700 NYS2d 74] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (Alpert, J.), dated December 4, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

On August 27, 1991, the appellant, Christopher Morrison, while a passenger in his wife's vehicle, was allegedly injured by a third-party tortfeasor. After obtaining a judgment on default against the driver of the offending vehicle, Morrison demanded payment from the alleged insurance carrier of the offending vehicle, Allcity Insurance Company (hereinafter Allcity). Allcity disclaimed liability on the ground that no policy existed on the date of the accident. On July 2, 1998, Morrison served a demand for arbitration upon Allstate Insurance Company (hereinafter Allstate), which insured his wife's vehicle, claiming uninsured motorist benefits.

"A demand for arbitration of an uninsured motorist's claim is subject to the six-year Statute of Limitations, which runs from the date of the accident or from the time when subsequent events render the offending vehicle 'uninsured' " (*Matter of Allstate Ins. Co. v Torrales,* 186 AD2d 647). Since Morrison's claim was filed more than six years after the accident date, Morrison was required to come forward with legally sufficient proof that a later accrual date applies (*see, Matter of State Farm Mut. Auto. Ins. Co. v Avena,* 133 AD2d 159), and that he diligently sought to determine whether the offending vehicle was insured

on the date of the accident (*see, Matter of Nationwide Ins. Co. v Montopoli,* 262 AD2d 647; *Matter of State Farm Mut. Ins. Co. v Pizzonia,* 147 AD2d 703).

On the record before us, Morrison has failed to sustain his burden of adducing legally sufficient proof that a later accrual date applies, or that he exercised due diligence in ascertaining the insurance status of the offending vehicle. Accordingly, Allstate is entitled to a permanent stay of arbitration. Thompson, J. P., Krausman, H. Miller and Schmidt, JJ., concur.