■ ANGELA ROSE et al., Respondents, v HARTFORD INSURANCE COMPANY, Appellant, MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, et al., Defendants. [779 NYS2d 368]—In an action, inter alia, for a judgment declaring that the defendant Hartford Insurance Company is obliged to defend and indemnify the defendants Nandanine W. Seedo and Ramesh R. Toulsiram in a personal injury action entitled *Rose v Barresi,* pending in the Supreme Court, Queens County, under Index No. 02-017592, the defendant Hartford Insurance Company appeals, as limited by its brief, from stated portions of an order of

the Supreme Court, Queens County (Satterfield, J.), dated November 3, 2003, which, inter alia, sua sponte, directed that the period during which the plaintiff Lucy Chedda could submit a claim to the defendant Hartford Insurance Company for uninsured motorist benefits was to run from the date of service of that order, with notice of entry.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which, sua sponte, directed that the period in which the plaintiff Lucy Chedda could submit a claim to the defendant Hartford Insurance Company for uninsured motorist benefits was to run from the date of service of that order with notice of entry, is treated as an application for leave to appeal from that portion of the order and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Under the circumstances of this case, the Supreme Court properly directed that the period during which the plaintiff Lucy Chedda could submit a claim to the appellant for uninsured motorist benefits was to run from the date of service of the court's November 3, 2003, order with notice of entry (see Matter of Allstate Ins. Co. v Giordano, 108 AD2d 910 [1985]).

The appellant's remaining contentions are without merit. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.