■ KIM JENKINS, Respondent, v STATE FARM INSURANCE COMPANY, Appellant. [801 NYS2d 42]—

In an action to recover uninsured motorist benefits pursuant to a contract of insurance, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated June 8, 2004, which denied its motion to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On February 26, 1993, a car driven by the plaintiff was involved in an accident with a car owned by Adel Abdelgaied (hereinafter the Abdelgaied car). By letter dated November 18, 1993, the plaintiff's attorney asked the defendant, State Farm Insurance Company (hereinafter State Farm), the plaintiff's insurance carrier, to open an uninsured motorist claim. Thereaf-

ter, by letter dated December 7, 1993, the plaintiff's attorney again wrote to State Farm, stating that he was enclosing a copy of the denial of coverage as to the Abdelgaied car. On December 9, 1994, he again wrote to State Farm, stating that he was enclosing copies of a notice of termination and a cancellation certificate as to the Abdelgaied car. Thereafter, in February 2003, the plaintiff commenced this action to recover damages under the uninsured motorist endorsement of the State Farm insurance policy. In its answer, State Farm asserted, inter alia, that the action was time-barred by the six-year statute of limitations for actions to recover damages for breach of contract (*see* CPLR 213). The Supreme Court denied its motion to dismiss the complaint as time-barred. We reverse.

Claims made under the uninsured motorist endorsement of automobile insurance policies are governed by the six-year statute of limitations applicable to contract actions (*see Matter of De Luca [Motor Veh. Acc. Indem. Corp.]*, 17 NY2d 76, 78 [1966]). The claim accrues either when the accident occurred or when the allegedly offending vehicle thereafter becomes uninsured (*see Matter of Allstate Ins. Co. v Giordano*, 108 AD2d 910 [1985], *affd on op below* 66 NY2d 810 [1985]; *Matter of Allstate Ins. Co. v Torrales*, 186 AD2d 647 [1992]; *Matter of Allstate Ins. Co. v Morrison*, 267 AD2d 381 [1999]). The more than 10-year time lapse between the date of the accident and the plaintiff's assertion of a claim in this action for uninsured motorist benefits is prima facie evidence that the action is untimely (*see Matter of Allstate Ins. Co. v Torrales, supra*; *Matter of State Farm Mut. Auto. Ins. Co. v Avena*, 133 AD2d 159, 161 [1987]). In such circumstances, the plaintiff has the burden of showing that a later accrual date than the date of the accident is applicable (*see Matter of Allstate Ins. Co. v Morrison, supra*). Since the plaintiff's proof showed that her attorney was aware of the Abdelgaied's car's uninsured status at the latest by December 9, 1994, this action is time-barred by the applicable statute of limitations and State Farm's motion should have been granted. Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.