■ In the Matter of ONE BEACON INSURANCE COMPANY, Respondent, v KLEVER ESPINOZA, Appellant. [830 NYS2d 287]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a demand for uninsured motorist benefits, Klever Espinoza appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated November 14, 2005, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On December 9, 1999, the appellant, Klever Espinoza, was a passenger in a car owned and operated by Rosa Garcia when it was allegedly involved in an accident with a vehicle owned by Luongo Trucking, Inc. (hereinafter Luongo). At that time, the Garcia vehicle was insured under a policy of insurance issued by One Beacon Insurance Company (hereinafter One Beacon). Espinoza commenced a lawsuit against, among others, Luongo, which proceeded to trial. After the trial, the jury responded "No" to the one question posed to it in the specific verdict sheet: "[d]id the [Luongo vehicle] come into contact with and strike the vehicle driven by the defendant Rosa Garcia?" In May 2005, approximately one month after the jury rendered its verdict, Espinoza served a demand for uninsured motorist benefits upon One Beacon claiming that the Luongo vehicle had been misidentified and thus he had "a valid Uninsured Motorists' claim as a result of a 'hit and run' accident." One Beacon then commenced this proceeding to permanently stay arbitration. Without explanation, the Supreme Court granted the petition and stayed the arbitration. We reverse.

Initially, we note that the demand for arbitration was not

barred by the statute of limitations since it was made within six years after the accident took place (*see Jenkins v State Farm Ins. Co.*, 21 AD3d 529, 530 [2005]; *Matter of DeLuca [Motor Veh. Acc. Indem. Corp.]*, 17 NY2d 76, 81 [1966]; *see also Matter of Allstate Ins. Co. v Morrison*, 267 AD2d 381 [1999]; *Matter of Allstate Ins. Co. v Torrales*, 186 AD2d 647, 648 [1992]).

We further note that Espinoza is not precluded by the verdict after trial from claiming that the vehicle which struck the Garcia vehicle was unidentified. The jury in the Espinoza negligence lawsuit only concluded that there was no contact between Garcia and the Luongo vehicle. The jury never determined that there had not been an accident or that there was a lack of physical contact between Garcia and an unidentified vehicle. Accordingly, contrary to One Beacon's position, Espinoza did not fail to establish a condition precedent to his demand for uninsured motorist benefits (*see Matter of Great N. Ins. Co. v Ballinger*, 303 AD2d 503 [2003]).

In addition, although "the doctrine of judicial estoppel precludes a party from framing his [or her] pleadings in a manner inconsistent with a position taken in a prior judicial proceeding . . . the doctrine will be applied only 'where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his [or her] interests have changed' " (*Bono v Cucinella*, 298 AD2d 483, 484 [2002], quoting *Kimco of N.Y. v Devon*, 163 AD2d 573, 574 [1990]). Inasmuch as Espinoza did not obtain a favorable judgment as a result of his "contrary position" in the personal injury action, the doctrine of judicial estoppel does not apply. Therefore, the petition to permanently stay the appellant's demand for arbitration should not have been granted prior to a determination of whether in fact, there was a "hit and run" accident (*see Matter of State Farm Mut. Auto. Ins. Co. v Allston*, 300 AD2d 669, 670 [2002]; *Matter of State Farm Mut. Auto. Ins. Co. v Johnson*, 287 AD2d 640 [2001]; *Matter of Government Empls. Ins. Co. v DePietto*, 226 AD2d 723 [1996]). Accordingly, we remit the matter to the Supreme Court, Kings County, for determination of that issue and thereafter, for a new determination of the petition. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.