■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v MARGARET ROGERS et al., Respondents.

(Proceeding No. 1.) In the Matter of MARGARET ROGERS et al., Respondents, v PROGRESSIVE INSURANCE COMPANY, Appellant. (Proceeding No. 2.) [934 NYS2d 451]—

The appellant, Progressive Northeastern Insurance Company (hereinafter Progressive), issued an automobile insurance policy (hereinafter the policy) covering a 1985 Buick automobile owned and operated by Eugene Rogers and Margaret Rogers (hereinafter together the respondents). The policy included a statutorily mandated uninsured motorist endorsement (hereinafter the UM endorsement) (see Insurance Law § 3420 [f] [1]) and an optional supplementary uninsured/underinsured motorist endorsement (hereinafter the SUM endorsement) (see Insurance Law § 3420 [f] [2]). In February 1998 the Buick, operated by Margaret Rogers, collided with a vehicle driven by Ross S. Grieff and insured by Legion Insurance Company (hereinafter Legion). Progressive informed the respondents that any and all claims arising from the accident must be presented to Legion.

In 2000 the respondents commenced a personal injury action against Grieff in the Supreme Court, Richmond County, alleging that he was at fault. In July 2003 Legion was declared insolvent, and all claims against it were assumed by the New York Public Motor Vehicle Liability Security Fund (hereinafter the PMV Fund) (see Insurance Law § 7601 et seq.). Grieff failed to appear in the personal injury action and, in August 2005, the Supreme Court issued an order directing entry of a money judgment in favor of the respondents and against Grieff. In a letter dated December 30, 2009, the PMV Fund informed Grieff and the respondents of its denial of all claims against it for indemnifica-

tion in connection with the subject accident. In April 2010 the respondents served Progressive with a demand for arbitration, and filed and served a petition to compel arbitration of their claim pursuant to the UM endorsement of the policy. Progressive cross-petitioned to permanently stay arbitration and also commenced a separate proceeding to stay arbitration, alleging that the respondents' claim was time-barred. In the two orders appealed from, the Supreme Court, respectively, granted the respondents' petition and denied Progressive's cross petition, and denied Progressive's separate petition, holding, inter alia, that the respondents' claim accrued when the PMV Fund denied coverage on December 30, 2009, and, thus, that the respondents' petition was timely.

On appeal, the parties do not dispute that the six-year statute of limitations for contract claims (*see* CPLR 213 [2]) governs the respondents' proceeding against Progressive to compel arbitration of their claim under the policy (*see Jenkins v State Farm Ins. Co.*, 21 AD3d 529 [2005]). The sole issue before us is the date on which the limitations period started to run.

A claim under the UM endorsement of an automobile insurance policy "accrues either when the accident occurred or when the allegedly offending vehicle thereafter becomes uninsured" (*id.* at 530; *see Matter of Allstate Ins. Co. v Giordano*, 108 AD2d 910 [1985], *affd* 66 NY2d 810 [1985]). Here, the 12-year period between the accident and the filing of the respondents' petition establishes, prima facie, that the proceeding to compel arbitration was untimely, and the burden shifted to the respondents to establish an accrual date later than the date of the accident (*see Jenkins v State Farm Ins. Co.*, 21 AD3d at 530; *Matter of State Farm Mut. Auto. Ins. Co. v Avena*, 133 AD2d 159, 161 [1987]).

The respondents met their burden with evidence that the PMV Fund did not deny coverage within the meaning of Insurance Law § 3420 (f) (1) until December 30, 2009. Where the alleged tortfeasor's insurer becomes insolvent, the PMV Fund assumes the obligations of the defaulting insurer, and the injured party is precluded from proceeding against his or her own insurer pursuant to the UM endorsement of the relevant automobile insurance policy until the PMV Fund disclaims liability or denies coverage (*see State-Wide Ins. Co. v Curry*, 43 NY2d 298, 301-303 [1977]; *Matter of Eagle Ins. Co. v Hamilton*, 16 AD3d 498, 503 [2005]). Here, the letter dated December 30, 2009, unequivocally states that "any claim . . . pursuant to Article 76 of the New York Insurance Law for indemnification from the PMV Fund is denied" (*cf. Matter of Eagle Ins. Co. v Hamilton*, 16 AD3d at 503). Therefore, the respondents' claim

against Progressive for UM benefits did not accrue until December 30, 2009, and, accordingly, the limitations period did not begin to run until that date.

Progressive contends, however, that the limitations period commenced to run when Legion became insolvent in July 2003 because the respondents, as purchasers of optional SUM coverage, were "entitled to seek such benefits upon the insolvency of the alleged tortfeasor's insure[r] and need not proceed against the PMV Fund" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Carpentier*, 7 AD3d 627, 628 [2004]; *see Matter of American Mfrs. Mut. Ins. Co. v Morgan*, 296 AD2d 491, 493-494 [2002]). Progressive's suggestion that the respondents are seeking SUM benefits is unsupported by the record. In both the respondents' demand for arbitration and their petition to compel arbitration, they expressly seek benefits only under the UM endorsement of the policy. The accrual date of the respondents' claim for UM benefits is not affected by their election not to pursue a claim for benefits under the SUM endorsement. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.