■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v KENNETH HILL, Respondent. [968 NYS2d 134]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated August 3, 2012, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On September 28, 2004, the respondent, Kenneth Hill, allegedly was injured when a bus owned by the petitioner, the New York City Transit Authority (hereinafter the NYCTA), in which Hill was a passenger, collided with another vehicle. Hill commenced an action to recover damages for personal injuries entitled *Hill v Montgomery* in the Supreme Court, Kings County (hereinafter the personal injury action) against the NYCTA, its bus operator, the owner of the other vehicle, and the driver of the other vehicle. In the personal injury action, the unopposed motion of the other vehicle owner for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that his vehicle had been stolen was granted by order dated April 23, 2009. On May 10, 2012, Hill served the NYCTA with a demand for arbitration of a claim for uninsured motorist benefits, based upon the alleged liability of the driver of the stolen vehicle. The NYCTA then commenced this proceeding to permanently stay arbitration on the ground that Hill's demand for arbitration was time-barred. The Supreme Court denied the petition, holding that Hill's claim was timely because it did not accrue until April 23, 2009, the date of the order determining that the offending vehicle had been stolen.

Hill's claim for uninsured motorist benefits against the NYCTA, a self-insurer, is subject to the six-year statute of limitations of CPLR 213 (2) (*see Matter of ELRAC Inc., v Suero*, 38 AD3d 544, 545 [2007]; CPLR 213 [2]; *see also Jenkins v State Farm Ins. Co.*, 21 AD3d 529 [2005]). A claim for uninsured motorist benefits "accrues either when the accident occurred or when the allegedly offending vehicle thereafter becomes uninsured" (*Jenkins v State Farm Ins. Co.*, 21 AD3d at 530; *see Matter of Allstate Ins. Co. v Giordano*, 108 AD2d 910, 911-912 [1985], *affd* 66 NY2d 810 [1985]).

Here, the NYCTA established, prima facie, the untimeliness of Hill's demand for arbitration with evidence that he served the demand on May 10, 2012, more than 7½ years after the subject accident on September 28, 2004 (*see Jenkins v State Farm Ins. Co.*, 21 AD3d at 530; *Matter of State Farm Mut. Auto. Ins. Co. v Avena*, 133 AD2d 159, 161 [1987]). At that point, the burden shifted to Hill to come forward with evidence of an accrual date later than the date of the accident (*see Matter of Progressive Northeastern Ins. Co. v Rogers*, 90 AD3d 666, 668 [2011]; *Jenkins v State Farm Ins. Co.*, 21 AD3d at 530; *Matter of Allstate Ins. Co. v Morrison*, 267 AD2d 381 [1999]). On the

record before us, Hill failed to satisfy his burden of establishing an accrual date later than the date of the accident (*see Jenkins v State Farm Ins. Co.*, 21 AD3d at 530; *Matter of Allstate Ins. Co. v Morrison*, 267 AD2d at 382; *Matter of State Farm Mut. Auto. Ins. Co. v Avena*, 133 AD2d at 161). The order dated April 23, 2009, without more, established only that the owner of the offending vehicle was not liable to Hill in the personal injury action and failed to provide any evidence as to the insurance status of that vehicle prior to the date of the order, including whether the vehicle owner's insurer had provided a defense (*cf. Matter of Allstate Ins. Co. v Giordano*, 108 AD2d at 911-912). "An insurer's failure to defend and indemnify its insured is the determinative factor in deciding whether the offending vehicle is uninsured within the intendment of the Insurance Law" (*id.* at 911). Accordingly, the Supreme Court should have granted the NYCTA's petition for a permanent stay of arbitration on the ground that Hill's demand was time-barred.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.