Haggerty v Allstate Ins. Co. (2021 NY Slip Op 03784)





Haggerty v Allstate Ins. Co.


2021 NY Slip Op 03784


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1209 CA 20-00106

[*1]MICHELE A. HAGGERTY, PLAINTIFF-APPELLANT,
v
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






CONWAY & KIRBY, PLLC, DELMAR (ANDREW W. KIRBY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARTH SULLIVAN BEHR, LLP, BUFFALO (BREANNA C. REILLY OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered November 6, 2019. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On August 6, 2010, plaintiff, while driving a vehicle owned by her mother, was involved in a motor vehicle accident with another vehicle. The driver of the other vehicle was not its owner, and that vehicle was not current with its registration. Several years later, in March 2019, plaintiff commenced this action to recover damages under the uninsured motorist endorsement of her mother's insurance policy with defendant, Allstate Insurance Company (Allstate). In its answer, Allstate asserted, inter alia, that the action was time-barred by the six-year statute of limitations for actions to recover damages for breach of contract (see CPLR 213 [2]). Supreme Court granted Allstate's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that the action was time-barred. We affirm.
"Claims made under the uninsured motorist endorsement of automobile insurance policies are governed by the six-year statute of limitations applicable to contract actions" (Jenkins v State Farm Ins. Co., 21 AD3d 529, 530 [2d Dept 2005]). "The claim accrues either when the accident occurred or when the allegedly offending vehicle thereafter becomes uninsured" (id.).
Here, Allstate met its prima facie burden on the motion of establishing that the action was untimely by submitting plaintiff's complaint, which demonstrated that, while the accident occurred on August 6, 2010, the action was not commenced until more than six years later on March 4, 2019 (see Matter of New York City Tr. Auth. v Hill, 107 AD3d 897, 898 [2d Dept 2013]; Jenkins, 21 AD3d at 530). In opposition, plaintiff failed "to come forward with evidence of an accrual date later than the date of the accident" (New York City Tr. Auth., 107 AD3d at 898; see Jenkins, 21 AD3d at 530).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court