| |
|---|
| **Rokach v Arlick** |
| 2025 NY Slip Op 31747(U) |
| May 13, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 517273/23 |
| Judge: Steven Z. Mostofsky |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 9 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 13 day of May, 2025.

PRESENT:

HON. STEVEN Z. MOSTOFSKY,
                                Justice.
-------------------------------------------------------X
DANIEL ROKACH,

                                            Plaintiff,

              -against-

JASON ARLICK,

                                            Defendant.
-------------------------------------------------------X

**DECISION, ORDER, AND JUDGMENT**

Index No. 517273/23

Mot. Seq. Nos. 1-2

NYSCEF Doc Nos.:

The following e-filed papers read herein:

| | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion/Cross Motion and Affidavits (Affirmations) Annexed | 13-58; 62-98 |
| Opposing Affidavits (Affirmations) | 99-102 |
| Affidavits/Affirmations in Reply | 104-111 |

In this action for specific performance of a contract for the sale of real property, defendant Jason Arlick ("defendant") moves for (among other relief) summary judgment dismissing the complaint and canceling the underlying notice of pendency, whereas plaintiff Daniel Rokach ("plaintiff") cross-moves for summary judgment on his cause of action for specific performance (Mot. Seq. Nos. 1 and 2, respectively).

## **Background**

This action arises out of plaintiff's contract to buy defendant's upstairs unit, which is designated as Unit 2, Block 5496, Lot 1102 (the "Arlick unit"), of the two-unit condominium located at 1540 57th Street in the Boro Park section of Brooklyn, New York

[* 1]

(the "condo").[1] During the relevant time, nonparty Joseph Richter ("Richter") owned the downstairs unit, which is designated as Unit 1, Block 5496, Lot 1101 (the "Richter unit").[2] Also relevant herein is that plaintiff's contract with defendant contained a mortgage-contingency clause.[3]

Before plaintiff could close on his purchase of the Arlick unit in June 2023,[4] plaintiff's title company pointed out that the condo's by-laws required that the condo board (and, by extension, the condo's "remaining unit owner," meaning Richter) be afforded the right of first refusal to buy the Arlick unit.[5] Defendant's counsel, though disagreeing with the opinion of plaintiff's title company, decided to accord the condo (and, by extension, Richter) the right of first refusal for the Arlick unit.[6] Concurrently, however, defendant's counsel set August 3, 2023 as the time-of-the-essence closing date with plaintiff for the Arlick unit.[7] Nonetheless, plaintiff became apprehensive that Richter (on behalf of the condo board and as the condo's "remaining unit owner") might exercise the right of first refusal for the Arlick unit. To that end, on June 13, 2023, plaintiff preemptively commenced the instant action against defendant for specific performance and filed a notice of pendency, to ensure that no conveyance of the Arlick unit to Richter would occur in the interim.

---

[1] Plaintiff's "Condominium Unit – Contract of Sale," dated as of May 30, 2019 (as amended) (the "plaintiff's contract") (NYSCEF Doc No. 21).

[2] Condominium Declaration, dated June 10, 1998 (the "condo declaration"), page 16 (Exhibit B to the condo declaration, Description of Units) (NYSCEF Doc No. 105).

[3] Plaintiff's contract, § 22.

[4] There was a four-year delay before the execution and delivery of plaintiff's contract of sale in May 2019 and the proposed closing in June 2023.

[5] By-Laws § 7.2 (A)-(B)-(C), (D), and (E) (1)-(2), pages 32-34 (Exhibit D to the condo declaration, By-Laws) (also part of NYSCEF Doc No. 105); See the undated email from plaintiff's title company, Madison Title Agency (NYSCEF Doc No. 38).

[6] Defense counsel's letter to Richter, dated June 23, 2023 (NYSCEF Doc No. 47).

[7] Defense counsel's letter to plaintiff's transaction counsel, dated July 6, 2023 (NYSCEF Doc No. 48).

2

Plaintiff's premonition that Richter may exercise the right of first refusal proved to be correct. In July 2023, Richter exercised the right of first refusal and executed a "follow-form" contract with defendant for the purchase of the Arlick unit.[8]

While Richter was getting ready to buy the Arlick unit, he was having financial difficulty paying the mortgage debt on his own unit. Two months prior (in May 2023), the mortgage holder on Richter's unit had commenced a foreclosure action against it (the "Richter-unit foreclosure"). In January 2025, the Richter-unit foreclosure culminated in the sale of the Richter unit to nonparty 1540 57th Street, LLC, which is currently owned by nonparty Simon Ganz ("Ganz").[9] According to Ganz (in ¶ 3 of his affidavit), he permitted Richter to lease the Richter unit (now redesignated as the "Ganz unit") and to remain a board member of the condo (now as Ganz's designee).[10]

Meanwhile, defendant and thereafter plaintiff served the instant motion and cross-motion for summary judgment, respectively. The Court heard oral argument on March 27, 2025 and reserved decision.

### Discussion[11]

A defendant seller "moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property . . . has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close" (*Point Holding, LLC v Crittenden*, 119 AD3d 918,

---

[8] Richter's "Condominium Unit – Contract of Sale," dated as of July 5, 2023 (as amended) (NYSCEF Doc No. 50).

[9] Notice of Sale in the Richter foreclosure action, dated January 9, 2025; Affidavit of Joseph Richter, dated March 18, 2025, ¶ 2; Affidavit of Simon Ganz, dated March 18, 2025, ¶¶ 2-3 (NYSCEF Doc Nos. 79, 101, and 102, respectively).

[10] By-Laws § 2.7 ("Each Unit Owner shall designate . . . one [1] member of the Board of Managers of the Condominium.") (part of NYSCEF Doc No. 105).

[11] The recitation of the well-established summary-judgment standard of review is omitted from this Decision and Order in the interest of brevity.

3

[* 3]

919 [2d Dept 2014]). "In addition, the defendant seller must demonstrate, prima facie, that the plaintiff buyer was in default" (*534 Flatbush Holdings, LLC v Solaris Props., LLC*, 234 AD3d 732, 734 [2d Dept 2025]). Here, defendant established, prima facie, that plaintiff was unable to purchase the Arlick unit in June 2023 because he lacked a requisite loan commitment, as more fully set forth in the margin.[12] To that end, defendant was entitled to (and did) rescind plaintiff's contract pursuant to § 22 thereof by returning the latter's downpayment.[13] Accordingly, defendant's motion is granted, as more fully set forth in the decretal paragraphs below (*see Ashkenazi v Miller*, 190 AD3d 668, 670 [2d Dept 2021]; *Grunbaum*, 153 AD3d at 1385).

In opposition to defendant's motion and in support of his own cross-motion for summary judgment for specific performance, plaintiff contends that Richter lost his right of first refusal (and hence his contractual capacity to buy the Arlick unit) upon the subsequent foreclosure of his own unit. Plaintiff's contention is unavailing for two reasons; first, Ganz has designated Richter as a board member of the condo; second and more fundamentally, Richter's previously exercised right to purchase the Arlick unit has nothing to do with his subsequent loss of status as the owner of his own (Richter's) unit.

All other issues not specifically addressed herein have been considered by the Court and found to be either without merit or academic. In light of defendant's previous exercise of his right of rescission under § 22 of plaintiff's contract and mindful of the relevance under the circumstances of the concept of *shalom bayit* (here, peace in the two-

---

[12] Capital M's "Pre-Approval Letter," dated June 2, 2023, to plaintiff generally stated that he met "the requirements for a loan" for the purchase of the Arlick unit, but specifically cautioned that it did "not constitute a loan approval" (NYSCEF Doc No. 29).

[13] The escrow account check, dated June 8, 2023, in the sum of $25,000 and made payable to plaintiff (NYSCEF Doc No. 32).

4

[* 4]

unit condo), an award of attorney's fees or any other monetary relief to either party is inappropriate.

## Conclusion

Accordingly, it is hereby

ORDERED that in Seq. No. 1, defendant's motion is *granted to the extent* that (1) plaintiff's complaint is dismissed in its entirety with prejudice and without costs or disbursements, and (2) the Notice of Pendency, dated June 12, 2023, filed against defendant's unit located at 1540 57th Street, Unit 2, Brooklyn, New York 11219, Block 5496, Lot 1102 (NYSCEF Doc No. 6), is hereby stricken; and the remainder of defendant's motion is denied; and it is further

ORDERED that in Seq. No. 2, plaintiff's cross-motion is *denied in its entirety*; and

ORDERED that defendant's counsel is directed to electronically serve a copy of this Decision, Order, and Judgment with notice of entry on plaintiff's counsel and to electronically file an affidavit thereof with the Kings County Clerk.

This constitutes the Decision, Order, and Judgment of the Court.

ENTER,

Hon. Steven Z. Mostofsky
Justice, Supreme Court

5

[* 5]